The following "temporary order" was entered in a divorce action filed by Penny *Page 607 
Huckabee Jones against her husband, Otto Jones:
 "This matter coming for hearing on certain temporary issues . . . and an agreement having been reached between plaintiff and defendant and such agreement was presented to the Court and it is hereby confirmed.
"1. Pending further proceeding herein . . . .
 "2. The defendant Otto Jones shall surrender possession of the residence at 504 South Strawberry [hereinafter "the residence"] to the plaintiff Penny Huckabee Jones by 5:00 p.m. on July 22, 1986; the plaintiff Penny Huckabee Jones shall have possession of such residence at 504 South Strawberry until 5:00 p.m. on August 10, 1986, at which time the plaintiff Penny Huckabee Jones shall relinquish to the defendant Otto Jones complete possession and ownership and relinquish any marital rights in such real estate at 504 South Strawberry;
 "3. The defendant Otto Jones will seek to have the plaintiff Penny Huckabee Jones relieved of any responsibility on a promissory note and mortgage to Commercial National Bank in connection with such property at 504 South Strawberry by August 10, 1986, and if the Commercial National Bank will not so relieve Penny Huckabee Jones, the defendant Otto Jones agrees to indemnify and hold harmless the plaintiff Penny Huckabee Jones from any amounts . . . which she might be called on to pay to the Commercial National Bank arising after August 10, 1986, and in such instance shall convey back to Penny Huckabee Jones her interest in such real property at 504 South Strawberry. . . ." (Emphasis supplied).
The temporary order was signed by the trial judge and the attorneys for the parties.
The husband was killed in an automobile accident on August 1, 1986. The wife had not conveyed her interest in the residence to the husband at the time of his death, nor had she been released from her obligations to the bank that held a mortgage on the residence. At the time of the husband's death, title to the residence was in the name of the husband and the wife "for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion."
After the husband's death the wife moved to dissolve the temporary order and to dismiss her divorce complaint.
Pat Jones, the mother of the deceased husband and administratrix of his estate, objected to the motion to dissolve the temporary order and to dismiss the complaint.[1]
The wife filed a motion for declaratory judgment and for joinder of the necessary parties, and in that motion she sought a dismissal of the divorce complaint; a dissolution of the temporary injunction; a declaration that she owned the residence (subject to the bank's mortgage); and a joinder of Pat Jones, as administratrix of the deceased husband's estate, and the minor children of the deceased husband, who were thereafter represented by guardians ad litem. After all issues were properly joined, the trial court heard the testimony without a jury. It succinctly stated the issue in its order: "[W]hether or not the Temporary Order that was entered by this Court and signed by both parties creates a property right in the estate of [the deceased husband]." The trial court found that the temporary order did not vest a property right in the deceased husband that was enforceable by his estate; the trial court dissolved the temporary order, held that the cause abated and was to be dismissed because of the death of the husband, and found that title to the residence was vested in the wife. The administratrix appeals. We affirm.
Did the negotiated agreement concerning the residence, as set forth in paragraphs 2 *Page 608 
and 3 of the temporary order, represent an agreement binding on the wife and on the estate of the husband?
An action for divorce, alimony, attorney fees, and an equitable division of marital property in which there has not been a final judgment does not survive the death of a party.Vaughan v. Vaughan, 258 Ala. 336, 62 So.2d 466 (1952); Pearsonv. Darrington, 32 Ala. 227 (1858); Killough v. Killough,373 So.2d 336 (Ala.Civ.App. 1979).
A marriage is dissolved by the death of a party to the marriage, and a pending action for dissolution by divorce is necessarily terminated and absolutely abated. Cox v. Dodd,242 Ala. 37, 4 So.2d 736 (1941); Killough v. Killough, supra.
The husband's estate contends that "paragraphs two and three constituted a written negotiated final agreement as to the residence, which was approved and executed by the trial judge, and therefore, paragraphs two and three remain binding on the appellee-wife and the husband's estate even after the death of the husband." Contending that this is an issue of first impression for this Court,[2] the husband's estate directs us toIn re Garrity's Estate, 22 Wn.2d 391, 156 P.2d 217 (1945), and Pavluvcik v. Sullivan, 22 Mass. App. 581, 495 N.E.2d 869
(1986). We fail to see how In re Garrity's Estate supports the position of the husband's estate in this action, because in that case the Supreme Court of Washington held, "It is the law of this state that an interlocutory order of divorce abates and becomes a nullity for all purposes upon the death of one of the parties occurring prior to the entry of a final decree." In Inre Garrity's Estate, the parties had executed a property settlement agreement that purported to divide between the parties all of the community property. It even contained a provision that the agreement would be "final and conclusive between the parties hereto regardless of whether or not either party hereto may die before the interlocutory decree of divorce shall become final." Thereafter, deeds and bills of sale were executed and delivered. The wife filed for a divorce, and an interlocutory order of divorce was granted, approving the property settlement in all respects. The husband appealed and then died with the appeal pending. The wife contended that the property settlement became merged in the interlocutory order confirming the settlement and became null and void on the death of the husband. The Washington Supreme Court cited a statute that permitted husbands and wives to convey their interest in community property to the other spouse. The court then determined that the property became separate and vested upon the execution of the deeds and bills of sale, and that the division of the property was not intended by the parties to be subject to approval or changed by the court in the divorce proceedings.
In the case before us, title to the property remained in the husband and wife at the time of the husband's death, subject only to the "temporary order" concerning "certain temporary issues." In re Garrity's Estate, if it has any precedential authority in the case at issue, would be authority for the proposition that the temporary order abated and became a nullity upon the death of Otto Jones. The temporary order in the case at issue clearly showed that issues of child custody, child support, ownership of any "furniture, furnishings or household goods," alimony, if any, and the issue of the dissolution of the marriage were to be decided by the court at a later date. There was no provision that this agreement would be binding if either party died before a divorce was granted. The transfer of title *Page 609 
to the residence was predicated upon the husband's obtaining a release of the wife from any liability on the promissory note secured by a mortgage on the residence. If this release could not be obtained, then the wife was to retain an interest in the residence. For aught that appears in the record, this release had not been obtained at the time of the husband's death (it does appear that his estate offered to obtain such a release).
In Pavluvcik v. Sullivan, supra, the husband and wife had entered into "a comprehensive and final settlement of the financial relationship of the parties, not only covering matters affecting their immediate situations [alimony, custody, child support, payment of educational and medical expenses, maintenance of life insurance], but also dividing their assets and resolving their inheritance rights and their responsibilities for each other's indebtedness [transfer of title to vehicle, sale of marital home within two years of date of agreement, with wife receiving 56% and husband 44% of net proceeds, division of personal property and husband's pension, each waiving any claim to the estate of the other and releasing the other from past and future obligations]."22 Mass. App. Ct. 584, 495 N.E.2d at 873. The agreement provided that it would be binding upon the heirs, representatives, and assigns of the parties. The trial court found that the marriage had irretrievably broken down and ordered the parties to comply with the separation agreement, which was to be incorporated and merged into a judgment nisi to be entered six months later without any further action by the parties. There had been partial performance. The wife died before the judgment nisi was entered. The husband contended that the wife's death abated and voided the separation agreement. The Appeals Court of Massachusetts interpreted the agreement and found that the parties intended for it to have full force and effect from the date of the order approving it, which was the same date it was signed by the parties.
The situation in Pavluvcik is entirely different from that in the case here at issue, where the only thing other thantemporary custody and child support agreed to by the parties was a subsequent transfer of the title to the residence subject to certain unfulfilled conditions. Many rights and obligations remained unresolved, and the trial court properly found, because so many rights and obligations were unresolved, that the parties had not intended for the agreement dealing with the residence to have full force and effect from its date without any resolution of issues involving child support, alimony, and the division of other property.
The trial court did not err in holding that the temporary order did not vest in the husband a property right that was enforceable by his estate and that title to the residence was vested in the wife under the survivorship provision of their deed, and that the divorce action had abated.
There is no need to discuss the issue of reconciliation of the parties after the temporary order was entered.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] This objection was first filed by the parents of the deceased husband prior to Pat Jones's being appointed as administratrix of her son's estate.
[2] Independent research has revealed that we have decided cases involving the construction and effect of similar provisions in property settlements on the real property of divorced parties in somewhat similar circumstances. See Porter v. Porter,472 So.2d 630 (Ala. 1985); Watford v. Hale, 410 So.2d 885 (Ala. 1982). In these cases, however, the provisions in question were incorporated within final judgments of divorce, and not withintemporary orders such as that in the case at bar. Thus, these prior cases are clearly distinguishable from the instant case, and we therefore agree with the husband's estate that we are apparently presented with a question of first impression.