On October 12, 1994, Penny G. Higginbotham filed a complaint for divorce against Steven J. Higginbotham. The wife sought, among other things, custody of the parties' minor child. During the pendency of the action the husband died, to-wit, on January 10, 1995. Thereafter, Roger and Alice F. Higginbotham, the paternal grandparents, filed a petition to intervene in the divorce action to establish grandparental visitation. The wife later moved to dismiss her divorce action on the ground that the husband had died. The trial court granted the wife's motion and dismissed the divorce action on January 25, 1995, without ruling on the petition to intervene. The paternal grandparents filed a post-judgment motion solely on visitation, which was denied, and they appeal. We affirm.
Our supreme court has held that "[a]n action for divorce . . . in which there has not been a final judgment does not survive the death of a party. A marriage is dissolved by the death of a party to the marriage, and a pending action for dissolution by divorce is necessarily terminated and absolutely abated."Jones v. Jones, 517 So.2d 606, 608 (Ala. 1987) (citations omitted). The husband's death abated the divorce action in this case. Id. The grandparents' petition sought to intervene in an action that no longer existed, and the trial court correctly dismissed the divorce action.
At the time the grandparents filed their petition to intervene, they had no legal means to seek visitation with their grandchild apart from situations where the parents were divorced or divorcing. B.R.O. v. G.C.O., 646 So.2d 126
(Ala.Civ.App. 1994). That situation is now changed. During the pendency of this appeal, the legislature enacted Act No. 95-584, Ala. Acts 1995, and the Governor signed it into law on July 31, 1995. That Act states, in pertinent part:
"Enrolled, An Act,
 "To amend Section 30-3-4 of the Code of Alabama 1975, to provide further for the right of grandparents to petition for visitation of grandchildren in the event of the death of a parent.
". . . .
 "Section 1. Section 30-3-4 of the Code of Alabama 1975, is amended to read as follows:
"§ 30-3-4.
 "(a) At the discretion of the court, visitation privileges for grandparents of minor grandchildren shall be granted in any of the following situations:
". . . .
 "(2) When the parent related by blood to the grandparents is deceased and the surviving parent denies reasonable visitation privileges to the grandparents. . . ."
Further, the Act states: "The application of this act shall be retroactive to January 1, 1989." The paternal grandparents now argue on appeal that Act No. 95-584, as amended, requires us now to reverse the trial court. We do not agree with the grandparents' argument, made for the first time on appeal, that Act No. 95-584 authorizes their petition for intervention in an action that has been abated. However, the Act does give them a means to seek visitation in an original petition. *Page 992 
Act No. 95-584 expressly authorizes grandparents to petition for grandparental visitation when the grandparents' son or daughter has died. Because the legislature made Act No. 95-584
retroactive to January 1, 1989, the paternal grandparents may pursue their claim for visitation by converting their petition for intervention into a petition for visitation as specified by § 30-3-4(a)(2), as amended, and filing that new petition in the appropriate court with jurisdiction over matters of child visitation. Act No. 95-584, Ala. Acts 1995; Ex parte Palmer,574 So.2d 44 (Ala. 1990); K.R.D. v. E.D., 622 So.2d 398
(Ala.Civ.App. 1993).
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.