721 So.2d 148 (1998)
Ex parte Barbara Ann ADAMS.
(Re Barbara Ann ADAMS v. Jennings Jay ADAMS).
1961705.
Supreme Court of Alabama.
February 6, 1998.
Opinion Overruling Rehearing April 24, 1998.
W. Gregory Hughes, Mobile, for petitioner (on original submission and on application for rehearing).
Mayer W. Perloff and T. Dwight Reid of Reid, Friedman, Perloff & Ross, P.C., Mobile, for respondent (on original submission).
Mayer W. Perloff and T. Dwight Reid of Reid, Friedman, Perloff & Ross, P.C., Mobile; and Robert S. Edington, of counsel, for respondent (on application for rehearing).
KENNEDY, Justice.
We granted certiorari review in order to determine whether the husband's suicide divested the trial court of jurisdiction to enter an order enforcing an agreement entered in a divorce case in which the parties had settled all matters regarding the divorce, including a disposition of the marital property.
The couple was married in 1984. On October 23, 1995, the wife filed a divorce complaint alleging incompatibility and seeking a division of the marital assets. On October 24, 1995, the husband placed his assets in an irrevocable trust for his 2 sons from his prior marriage. He also changed the locks on their home. The wife moved for an order to hold the husband in contempt for violation of the status quo order. The trial court ordered that the wife be allowed to move back into the home and enjoined the parties from interfering with the other. The case then proceeded to trial.
At trial on June 21, 1996, the parties reached a final settlement. The agreement was read into the record. The trial court *149 then entered an order directing the wife's attorney to draft a judgment of divorce incorporating the agreement. The trial court also ordered that the terms of the agreement be effective immediately. On June 25, 1996, the husband filed a motion to set aside the agreement and to set the case for a second trial because the husband claimed he could not pay what he had agreed to pay as alimony in gross. On July 11, 1996, the trial court denied the husband's motion.
On August 10, 1996, the husband committed suicide. The trial court had not signed the judgment of divorce at the time the husband committed suicide. Subsequently, the wife filed a motion to add necessary parties, to enjoin disposition of funds, and seeking declaratory relief. The declaratory relief she requested sought to have the trial court enforce the agreement that was read into the record as a valid divorce decree or a valid enforceable agreement. The trial court refused to enforce the agreement, finding that the divorce action was abated by the husband's death. The Court of Civil Appeals affirmed without an opinion. Adams v. Adams, 720 So.2d 1062 (Ala.Civ.App.1997) (table).
The wife argues that the agreement that was read into the record was enforceable as there was nothing left for the trial court to do except to sign the formal decree. The disposition of all the assets and liabilities was fixed by the agreement as read into the court record. She further argues that her declaratory judgment motion was not an effort to revive the divorce or to continue with the divorce litigation, but was rather for the purpose of ascertaining her rights under the facts and circumstances of this case.
The wife distinguishes a case wherein we held that a temporary order in a divorce proceeding providing for a subsequent transfer of title to the marital residence subject to certain unfulfilled conditions was insufficient to vest a property right as to the residence. In that case, Jones v. Jones, 517 So.2d 606 (Ala.1987), the trial court entered a temporary order in a divorce action by the wife; by that temporary order, the wife was to surrender the house to the husband while the husband was to release the wife from any debt. Neither condition had been fulfilled when the husband was killed in an automobile accident. The trial court held that the temporary order did not vest in the deceased husband's estate a property right to the residence. We affirmed, noting that because the order was temporary, there were many issues left to be decided by the court at a later date and that the parties had not intended for the temporary order to have full force and effect from its date without any resolution of issues involving alimony and the division of other property.
In this present case, counsel for the husband's estate does not dispute that there was a final agreement read into the record and that all that remained to be done was for the trial judge to sign the divorce decree. Counsel's argument is that the husband's death dissolved the marriage and that the divorce action should be abated.
Because a cause of action for divorce is purely personal, it is generally recognized that, upon the death of either spouse, such a cause of action terminates or, if divorce action has been commenced, the action abates. However, we agree with the wife's argument that her action was not abated under the particular facts of this case. The trial court's denial of the husband's motion to set aside the agreement supports the proposition that the trial judge found that the agreement was final. There were no other issues to be decided and all that remained was for the trial court to sign the judgment.
We find several cases from other jurisdictions persuasive. In Pavluvcik v. Sullivan, 22 Mass.App. 581, 495 N.E.2d 869 (1986), the husband and wife had entered into a comprehensive and final settlement of the financial relations, not only covering matters affecting their immediate situations, including alimony, custody, child support, payment of medical and educational expenses, maintenance of life insurance, but also dividing their assets and resolving their inheritance rights and their responsibilities for each other's indebtedness. The trial court found that the marriage had irretrievably broken down and ordered the parties to comply with the separation agreement, which was to be incorporated and merged into a judgment nisi was entered.
*150 The wife died before the judgment nisi was entered. The husband contended that the wife's death abated the action and voided the separation agreement. The Appeals Court of Massachusetts found that the parties had intended for the separation agreement to have full force and effect from the date the parties signed it and the court approved it.
In In re Marriage of Mallory, 55 Cal. App.4th 1165, 64 Cal.Rptr.2d 667 (1997), the California Court of Appeals held that after the death of one of the parties to a divorce action the trial court was empowered to enter a judgment nunc pro tunc with respect to all issues, including marital status, that had been submitted to the court for decision before the party's death, notwithstanding the general rule that the death of a party abates an action for termination of the marital status. In Mallory, the trial of the divorce action was held in October 1987 and final written arguments were submitted to the court for a decision in January 1988. On April 25, 1988, the husband was found dead in his home at 8:50 a.m. That same day, at 3 p.m., the trial court entered an order purporting to dissolve the marriage and to decide the property issues. The appeals court concluded that in a marital dissolution action a trial court has the power to enter a judgment on all substantive issues submitted to the court for a final decision before the death of a party.
Kresnak v. Kresnak, 190 Mich.App. 643, 476 N.W.2d 650 (1991), a property settlement agreement was placed in the record, but the husband died before the court had entered a judgment of separation. The Michigan court held that the husband's death, after he had agreed to the property settlement, did not divest the court of jurisdiction to enter a judgment of separate maintenance implementing the property agreement. The personal representative's ratification of the property settlement agreement entered into by the husband prior to his death but before entry of the separation judgment related back to the time the agreement was reached and read into the record so as to allow the entry of a judgment for separate maintenance.
Under the peculiar facts of this case, we conclude that the husband's death did not make the final agreement unenforceable. According, we hold that the trial court erred in dismissing the case. The judgment of the Court of Civil Appeals is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, and SEE, JJ., concur.
COOK, J., concurs in the result.
BUTTS, J., dissents.

On Application for Rehearing
PER CURIAM.
APPLICATION OVERRULED. NO OPINION.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and SEE, JJ., concur.
COOK, J., concurs specially.
COOK, Justice (concurring specially).
Under the specific facts in this case, even though Jennings Adams had died before the trial judge signed the divorce judgment, the trial court erred in dismissing this declaratory judgment case. To enforce the agreement of the parties reached before the death of Mr. Adams would not conflict with long-standing and established Alabama caselaw holding that death abates a divorce action.
After the trial on June 21, 1996, the parties reached a final settlement, and the agreement was read into the record. The trial court directed the wife's attorney to draft the judgment of divorce and ordered that the terms of the agreement be effective immediately. As the opinion of February 6, 1998, indicates, the legal theories that support the enforcement of the agreement between the parties do not conflict with the abatement principle.
In Pavluvcik v. Sullivan, 22 Mass.App. 581, 495 N.E.2d 869 (1986), the Court of Appeals of Massachusetts determined that the parties had intended that the separation *151 agreement have full force and effect from the date the parties signed it and the court approved it; the judgment of divorce had not been signed before the death of one of the parties. In In re Marriage of Mallory, 55 Cal.App.4th 1165, 64 Cal.Rptr.2d 667 (1997), a California appeals court held that after the death of one of the parties to a divorce action the trial court could enter a judgment of divorce nunc pro tunc, when the action had been submitted to the court before the party's death.
The facts of this present case suggest that the parties intended the separation agreement to be effective on June 21, 1996. There is no dispute that the trial court ordered that the agreement be effective immediately. The record supports the enforcement of the settlement agreement nunc pro tunc. As a Special Alabama Supreme Court recently stated, quoting federal authority:
"`There are at least two distinct varieties of judgments nunc pro tunc: those to correct errors in a judgment already entered; and those to protect parties from the court's delay in entering judgment during which [delay] a party has died. Federal law recognizes both varieties of judgments nunc pro tunc.' Middleton v. Dan River, Inc., 617 F.Supp. 1206, 1222 (M.D.Ala. 1985), aff'd in part, rev'd in part on other grounds, 834 F.2d 903 (11th Cir. 1987). The United States Supreme Court, in Mitchell v. Overman, 103 U.S. (13 Otto) 62, 64-65, 26 L.Ed. 369 (1880), stated:
"`The rule established by the general concurrence of the American and English courts is, that where the delay in rendering a judgment or a decree arises from the act of the court, that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or any other cause not attributable to the laches of the parties, the judgment or the decree may be entered retrospectively, as of a time when it should or might have been entered up. In such cases, upon the maxim actus curiae neminem gravabit,  which has been well said to be founded in right and good sense, and to afford a safe and certain guide for the administration of justice,  it is the duty of the court to see that the parties shall not suffer by the delay.'
"As pointed out by Justice William O. Douglas in his dissent in Parker v. Ellis, 362 U.S. 574, 598, 80 S.Ct. 909, 922-23, 4 L.Ed.2d 963 (1960), `Any judgment nunc pro tunc indulges in a fiction. But it is a useful one, advancing the ends of justice.'"
Hornsby v. Sessions, 703 So.2d 932, 942-43 (Ala.1997).
The agreement of the parties was therefore enforceable under the principle that the agreement was in force and effect before the death of Mr. Adams. I agree with the February 6, 1998, opinion that the trial court improperly dismissed the claim for declaratory relief made after Mr. Adams's suicide, given that all matters regarding disposition of the marital property had been settled.