808 So.2d 27 (2000)
Amy D. CONNELL
v.
Patricia D. PARISH, administratrix of the estate of Chris Connell, deceased.
2990062.
Court of Civil Appeals of Alabama.
June 23, 2000.
Rehearing Denied August 25, 2000.
Gregory N. Norton, Anniston, for appellant.
Bruce N. Adams, Anniston, for appellee.
ROBERTSON, Presiding Judge.
Amy D. Connell ("the wife") appeals from an order of the Calhoun County Circuit Court denying her postjudgment motion to set aside the court's divorce judgment. The wife also argues that a property-settlement agreement incorporated into the divorce judgment is invalid.
Christopher D. Connell ("the husband") filed a complaint for a divorce on May 18, 1999, along with an "Answer, Waiver and Agreement for Taking of Testimony," an "Acknowledgement of Nonrepresentation," his affidavit, and a property-settlement agreement entered into by the parties. On May 21, 1999, the trial court entered a divorce judgment that incorporated the parties' property-settlement agreement. The divorce judgment stated that it would become final upon the expiration of 30 days from the date of the filing of the summons and complaint.
The husband committed suicide on May 25, 1999. On June 17, 1999, the wife filed a motion, pursuant to Rules 59(e) and 60(b)(4), Ala.R.Civ.P., seeking to have the judgment of divorce set aside; the trial court entered an order on June 25, 1999, setting aside the judgment of divorce and dismissing the case without prejudice. Thereafter, on June 29, 1999, Patricia R. Parish, as administratrix of the husband's estate, filed a motion asking the trial court *28 to withdraw the June 25, 1999, order setting aside the divorce judgment. The trial court entered an order on June 29, 1999, setting aside its June 25, 1999, order and setting the matter for a hearing on July 6, 1999. Following a hearing on the wife's motion to set aside the judgment of divorce, the trial court entered an order on September 3, 1999, denying her motion and ordering that the judgment of divorce "shall remain in full force and effect."
The wife appeals, contending that the trial court erred in denying her postjudgment motion because, she says, (1) the divorce judgment was not a final judgment under § 30-2-8.1, Ala.Code 1975, (2) the pending action for divorce was abated by her husband's death, and (3) that abatement rendered unenforceable the property-settlement agreement that was to be incorporated into the final judgment of divorce.
We first consider the wife's argument that there was not a final judgment of divorce according to § 30-2-8.1, Ala.Code 1975. That Code section provides:
"(a) A court shall not enter a final judgment of divorce until after the expiration of 30 days from the date of the filing of the summons and complaint.
"(b) This section shall not restrict the power of the court to enter any temporary orders necessary prior to the expiration of the waiting period. The temporary orders may include, but shall not be limited to, temporary orders on custody, spousal or child support, visitation, exclusive occupancy of the marital residence, or restraining the parties."
This statute went into effect on January 1, 1997. We note further that the preamble to legislative enactment of this Code section states:
"To provide for a waiting period prior to the issuance of a final judgment of divorce; to provide for temporary orders prior to the expiration of the waiting period; and to provide a prospective effective date."
Act No. 96-51, Ala. Acts 1996.
The appellate courts of this state have issued no opinions addressing the application of the statute. In interpreting the effect of § 30-2-8.1, this court is governed by the settled rule that "where statutory language is plain and unambiguous[,] the statute should be given the meaning therein plainly expressed." Fuller v. Associates Commercial Corp., 389 So.2d 506, 508 (Ala.1980). See also BPH, Inc. v. Cochrane, 628 So.2d 911 (Ala.Civ.App. 1993). Pursuant to the terms of § 30-2-8.1, the trial court could not have entered a final divorce judgment in this case until June 18, 1999, the 31st day after the complaint was filed. Further, we note that the divorce judgment itself states that "effective upon the expiration of thirty (30) days from the date of the filing of the Summons and Complaint in this cause, this decree shall become final." Accordingly, in light of the plain language of the statute and the terms of the divorce judgment, we conclude that the divorce judgment was not a final judgment at the time of the husband's death.
In light of our conclusion that the divorce judgment was not final at the time of the husband's death, we consider the wife's argument that the death of the husband abated the pending divorce action. In support of her argument, the wife cites Jones v. Jones, 517 So.2d 606 (Ala.1987), wherein our Supreme Court held:
"An action for divorce, alimony, attorney fees, and an equitable division of marital property in which there has not been a final judgment does not survive the death of a party.... A marriage is dissolved by the death of a party to the marriage, and a pending action for dissolution *29 by divorce is necessarily terminated and absolutely abated."
Id. at 608 (emphasis added). See also Higginbotham v. Higginbotham, 669 So.2d 990 (Ala.Civ.App.1995). We agree with the wife that the rule set forth in Jones with respect to abatement of a pending divorce action applies in this case; therefore, we conclude that the divorce action was abated by the husband's death and that the trial court erred in denying the wife's postjudgment motion to set aside the divorce judgment.
We recognize that the case of Ex parte Adams, 721 So.2d 148 (Ala.1998), relied on by Judge Thompson in his dissent in part, has some factual similarity to the instant case. However, we note that the trial court's order in Adams specified that the settlement between the parties was to become effective immediately. Our Supreme Court recognized in Adams that the trial court's signature was merely a formality to complete an order that was already final. In this case, the judgment, both by its own terms and by application of § 30-2-8.1, Ala.Code 1975, was not final and could not become final until the expiration of 30 days.
Additionally, § 30-2-8.1 was not in effect when Adams was decided. Although no Alabama court has addressed the effect of that statute, its plain language does not allow the judgment in this case to be regarded as final and merely awaiting the performance of a ministerial act. In fact, the legislature was very clear in the preamble to Act No. 96-51 that its intent was "[t]o provide for a waiting period prior to the issuance of a final judgment of divorce...." Also, our Supreme Court was equally clear that a judgment cannot be entered "for divorce, alimony, attorney fees, and an equitable division of marital property" against a dead party, because the pending action is absolutely abated by the death of that party. Jones, supra.
Accordingly, the judgment of the circuit court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and MONROE, JJ., concur.
THOMPSON and CRAWLEY, JJ., concur in part and dissent in part.
THOMPSON, Judge, concurring in part and dissenting in part.
I agree with that portion of the main opinion holding that the divorce judgment was not final. However, under the authority of Ex parte Adams, 721 So.2d 148 (Ala.1998), I believe that the divorce action in this case was not abated by the death of the husband. I respectfully dissent from that part of the main opinion holding that the divorce action was abated by the husband's death.
The main opinion relies on Jones v. Jones, 517 So.2d 606 (Ala.1987), and Higginbotham v. Higginbotham, 669 So.2d 990 (Ala.Civ.App.1995). In Jones v. Jones, the trial court entered a temporary order regarding the disposition of the marital residence. Our supreme court held that the parties' divorce action was abated upon the death of the husband. In that case, the court stated: "The temporary order in this case at issue clearly showed that issues of child custody, child support, ownership of any `furniture, furnishings or household goods,' alimony, if any, and the issue of the dissolution of the marriage were to be decided by the court at a later date." 517 So.2d at 608.
In Higginbotham v. Higginbotham, 669 So.2d 990 (Ala.Civ.App.1995), the trial court had not entered an order in the *30 pending divorce action at the time of the husband's death. The court held that the divorce action had been abated by the husband's death.
In Ex parte Adams, 721 So.2d 148 (Ala. 1998), our supreme court held that an action for divorce had not been abated by the death of the husband. In that case, the parties had reached an agreement on all matters in dispute. The trial court ordered that the wife's attorney draft a divorce judgment incorporating the terms of the parties' agreement. Before the trial court signed the divorce judgment, the husband died. "There were no other issues to be decided and all that remained was for the trial court to sign the judgment." Ex parte Adams, 721 So.2d at 149.
I agree with the main opinion that § 30-2-8.1, Ala.Code 1975, did not allow the judgment in this case to be regarded as final until after 30 days from the date the complaint was filed. However, I disagree with the main opinion's conclusion that § 30-2-8.1 makes this case so distinguishable from Ex parte Adams as to warrant a reversal of the trial court's judgment refusing to set aside the divorce judgment.
In Ex parte Adams, the order incorporating the parties' agreement was not final at the time of the husband's death and could not become final until the trial court signed the judgment. Our Supreme Court held that under the facts of that case, the parties' agreement was enforceable. Ex parte Adams, supra. In this case, the trial court's judgment incorporating the parties' agreement was not final and could not become final until the expiration of 30 days, pursuant to § 30-2-8.1. The trial court's order incorporating the parties' agreement specified that the order would become a final judgment 30 days after the date on which the complaint was filed. I do not regard waiting until the expiration of 30 days after the complaint was filed for a signed judgment to become final as materially distinguishable from waiting for the trial court to sign a judgment in order for that judgment to become final.
In this case, as in Ex parte Adams, all matters relevant to the divorce proceeding had been resolved, and all that remained was for the judgment to become final. Therefore, I conclude that in this case, as in Ex parte Adams, the parties' agreement is enforceable.
I conclude that under the authority of Ex parte Adams, this court should affirm the trial court's determination that the divorce action was not abated by the death of the husband.
CRAWLEY, J., concurs.