Amy D. Connell ("the wife") appeals from an order of the Calhoun County Circuit Court denying her postjudgment motion to set aside the court's divorce judgment. The wife also argues that a property-settlement agreement incorporated into the divorce judgment is invalid.
Christopher D. Connell ("the husband") filed a complaint for a divorce on May 18, 1999, along with an "Answer, Waiver and Agreement for Taking of Testimony," an "Acknowledgement of Nonrepresentation," his affidavit, and a property-settlement agreement entered into by the parties. On May 21, 1999, the trial court entered a divorce judgment that incorporated the parties' property-settlement agreement. The divorce judgment stated that it would become final upon the expiration of 30 days from the date of the filing of the summons and complaint.
The husband committed suicide on May 25, 1999. On June 17, 1999, the wife filed a motion, pursuant to Rules 59(e) and 60(b)(4), Ala.R.Civ.P., seeking to have the judgment of divorce set aside; the trial court entered an order on June 25, 1999, setting aside the judgment of divorce and dismissing the case without prejudice. Thereafter, on June 29, 1999, Patricia R. Parish, as administratrix of the husband's estate, filed a motion asking the trial court *Page 28 
to withdraw the June 25, 1999, order setting aside the divorce judgment. The trial court entered an order on June 29, 1999, setting aside its June 25, 1999, order and setting the matter for a hearing on July 6, 1999. Following a hearing on the wife's motion to set aside the judgment of divorce, the trial court entered an order on September 3, 1999, denying her motion and ordering that the judgment of divorce "shall remain in full force and effect."
The wife appeals, contending that the trial court erred in denying her postjudgment motion because, she says, (1) the divorce judgment was not a final judgment under § 30-2-8.1, Ala. Code 1975, (2) the pending action for divorce was abated by her husband's death, and (3) that abatement rendered unenforceable the property-settlement agreement that was to be incorporated into the final judgment of divorce.
We first consider the wife's argument that there was not a final judgment of divorce according to § 30-2-8.1, Ala. Code 1975. That Code section provides:
 "(a) A court shall not enter a final judgment of divorce until after the expiration of 30 days from the date of the filing of the summons and complaint.
 "(b) This section shall not restrict the power of the court to enter any temporary orders necessary prior to the expiration of the waiting period. The temporary orders may include, but shall not be limited to, temporary orders on custody, spousal or child support, visitation, exclusive occupancy of the marital residence, or restraining the parties."
This statute went into effect on January 1, 1997. We note further that the preamble to legislative enactment of this Code section states:
 "To provide for a waiting period prior to the issuance of a final judgment of divorce; to provide for temporary orders prior to the expiration of the waiting period; and to provide a prospective effective date."
Act No. 96-51, Ala. Acts 1996.
The appellate courts of this state have issued no opinions addressing the application of the statute. In interpreting the effect of §30-2-8.1, this court is governed by the settled rule that "where statutory language is plain and unambiguous[,] the statute should be given the meaning therein plainly expressed." Fuller v. AssociatesCommercial Corp., 389 So.2d 506, 508 (Ala. 1980). See also BPH, Inc. v.Cochrane, 628 So.2d 911 (Ala.Civ.App. 1993). Pursuant to the terms of § 30-2-8.1, the trial court could not have entered a final divorce judgment in this case until June 18, 1999, the 31st day after the complaint was filed. Further, we note that the divorce judgment itself states that "effective upon the expiration of thirty (30) days from the date of the filing of the Summons and Complaint in this cause, this decree shall become final." Accordingly, in light of the plain language of the statute and the terms of the divorce judgment, we conclude that the divorce judgment was not a final judgment at the time of the husband's death.
In light of our conclusion that the divorce judgment was not final at the time of the husband's death, we consider the wife's argument that the death of the husband abated the pending divorce action. In support of her argument, the wife cites Jones v. Jones, 517 So.2d 606 (Ala. 1987), wherein our Supreme Court held:
 "An action for divorce, alimony, attorney fees, and an equitable division of marital property in which there has not been a final judgment does not survive the death of a party. . . . A marriage is dissolved by the death of a party to the marriage, and a pending action for dissolution *Page 29 
by divorce is necessarily terminated and absolutely abated."
Id. at 608 (emphasis added). See also Higginbotham v. Higginbotham,669 So.2d 990 (Ala.Civ.App. 1995). We agree with the wife that the rule set forth in Jones with respect to abatement of a pending divorce action applies in this case; therefore, we conclude that the divorce action was abated by the husband's death and that the trial court erred in denying the wife's postjudgment motion to set aside the divorce judgment.
We recognize that the case of Ex parte Adams, 721 So.2d 148 (Ala. 1998), relied on by Judge Thompson in his dissent in part, has some factual similarity to the instant case. However, we note that the trial court's order in Adams specified that the settlement between the parties was to become effective immediately. Our Supreme Court recognized inAdams that the trial court's signature was merely a formality to complete an order that was already final. In this case, the judgment, both by its own terms and by application of § 30-2-8.1, Ala. Code 1975, was not final and could not become final until the expiration of 30 days.
Additionally, § 30-2-8.1 was not in effect when Adams was decided. Although no Alabama court has addressed the effect of that statute, its plain language does not allow the judgment in this case to be regarded as final and merely awaiting the performance of a ministerial act. In fact, the legislature was very clear in the preamble to Act No. 96-51 that its intent was "[t]o provide for a waiting period prior to the issuance of a final judgment of divorce. . . ." Also, our Supreme Court was equally clear that a judgment cannot be entered "for divorce, alimony, attorney fees, and an equitable division of marital property" against a dead party, because the pending action is absolutely abated by the death of that party. Jones, supra.
Accordingly, the judgment of the circuit court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates and Monroe, JJ., concur.
Thompson and Crawley, JJ., concur in part and dissent in part.