I agree with that portion of the main opinion holding that the divorce judgment was not final. However, under the authority of Ex parte Adams,721 So.2d 148 (Ala. 1998), I believe that the divorce action in this case was not abated by the death of the husband. I respectfully dissent from that part of the main opinion holding that the divorce action was abated by the husband's death.
The main opinion relies on Jones v. Jones, 517 So.2d 606 (Ala. 1987), and Higginbotham v. Higginbotham, 669 So.2d 990 (Ala.Civ.App. 1995). InJones v. Jones, the trial court entered a temporary order regarding the disposition of the marital residence. Our supreme court held that the parties' divorce action was abated upon the death of the husband. In that case, the court stated: "The temporary order in this case at issue clearly showed that issues of child custody, child support, ownership of any `furniture, furnishings or household goods,' alimony, if any, and the issue of the dissolution of the marriage were to be decided by the court at a later date." 517 So.2d at 608.
In Higginbotham v. Higginbotham, 669 So.2d 990 (Ala.Civ.App. 1995), the trial court had not entered an order in the *Page 30 
pending divorce action at the time of the husband's death. The court held that the divorce action had been abated by the husband's death.
In Ex parte Adams, 721 So.2d 148 (Ala. 1998), our supreme court held that an action for divorce had not been abated by the death of the husband. In that case, the parties had reached an agreement on all matters in dispute. The trial court ordered that the wife's attorney draft a divorce judgment incorporating the terms of the parties' agreement. Before the trial court signed the divorce judgment, the husband died. "There were no other issues to be decided and all that remained was for the trial court to sign the judgment." Ex parte Adams, 721 So.2d at 149.
I agree with the main opinion that § 30-2-8.1, Ala. Code 1975, did not allow the judgment in this case to be regarded as final until after 30 days from the date the complaint was filed. However, I disagree with the main opinion's conclusion that § 30-2-8.1 makes this case so distinguishable from Ex parte Adams as to warrant a reversal of the trial court's judgment refusing to set aside the divorce judgment.
In Ex parte Adams, the order incorporating the parties' agreement was not final at the time of the husband's death and could not become final until the trial court signed the judgment. Our Supreme Court held that under the facts of that case, the parties' agreement was enforceable. Exparte Adams, supra. In this case, the trial court's judgment incorporating the parties' agreement was not final and could not become final until the expiration of 30 days, pursuant to § 30-2-8.1. The trial court's order incorporating the parties' agreement specified that the order would become a final judgment 30 days after the date on which the complaint was filed. I do not regard waiting until the expiration of 30 days after the complaint was filed for a signed judgment to become final as materially distinguishable from waiting for the trial court to sign a judgment in order for that judgment to become final.
In this case, as in Ex parte Adams, all matters relevant to the divorce proceeding had been resolved, and all that remained was for the judgment to become final. Therefore, I conclude that in this case, as inEx parte Adams, the parties' agreement is enforceable.
I conclude that under the authority of Ex parte Adams, this court should affirm the trial court's determination that the divorce action was not abated by the death of the husband.
Crawley, J., concurs.