This Court granted Patricia Parish's petition for a writ of certiorari to review the Court of Civil Appeals' opinion interpreting §30-2-8.1(a), Ala. Code 1975. See Connell v. Parish,808 So.2d 27 (Ala.Civ.App. 2000). Parish argues that the Court of Civil Appeals erred when it reversed the trial court's judgment purporting to divorce Christopher D. Connell ("Chris") from Amy D. Connell ("Amy"); Parish, as administratrix of Chris's estate, contends that the pending divorce action was not abated by Chris's death. We affirm the judgment of the Court of Civil Appeals.
 I.
On May 18, 1999, Chris filed a divorce complaint against Amy and filed with the complaint a copy of a property-settlement agreement he and Amy had entered. The trial court entered a judgment of divorce that incorporated the property-settlement agreement. By its terms, the divorce judgment was to become final 30 days after the summons and complaint had been filed.[1]
Chris committed suicide seven days later, on May 25, 1999. On June 17, 1999, Amy moved, pursuant to Rules 59(e) and 60(b)(4), Ala.R.Civ.P., to have the divorce judgment set aside. On June 25, 1999, the trial court granted that motion, setting aside the divorce judgment and dismissing the case without prejudice. On June 29, 1999, Parish, as administratrix of Chris Connell's estate, moved the trial court to withdraw its order setting aside the divorce judgment. The trial court granted that motion; set aside its June 25, 1999, order; and set the matter for a hearing on July 6, 1999. After conducting *Page 32 
a hearing, the trial court denied the motion to set aside the judgment of divorce and ordered that it "shall remain in full force and effect."
Amy appealed, contending that the trial court had erred in denying her postjudgment motion. The Court of Civil Appeals stated her arguments as follows:
 "(1) the divorce judgment was not a final judgment under § 30-2-8.1, Ala. Code 1975, (2) the pending action for divorce was abated by [Chris's] death, and (3) that abatement rendered unenforceable the property-settlement agreement that was to be incorporated into the final judgment of divorce."
808 So.2d at 28. The Court of Civil Appeals reversed the trial court's judgment, concluding that, "[p]ursuant to the terms of § 30-2-8.1, the trial court could not have entered a final divorce judgment in this case until June 18, 1999, the 31st day after the complaint was filed." 808 So.2d at 28.
The Court of Civil Appeals further concluded that the divorce action was abated by Chris's death, and, thus, that the trial court erred in denying Amy's post-judgment motion to set aside the judgment of divorce. Id. at 28. Judge Thompson, joined by Judge Crawley, concurred in part and dissented in part, agreeing that the judgment of divorce was not final, but concluding that the divorce action was not abated by Chris's death. Id. at 29.
 II.
Parish argues that the Court of Civil Appeals improperly focused on the finality of judgment. She contends that "[a] lack of finality does not necessitate vacatur." Parish asserts that "[f]inality is not the core issue, [but] rather, whether Section 30-2-8.1(a), Alabama Code 1975, requires that the court vacate a judgment after its entry which required only the expiration of the statutory waiting period for finality."
Parish analogizes this case to Ex parte Adams, 721 So.2d 148 (Ala. 1998), in which this Court held that a divorce action had not been abated by the death of the husband. In Adams, the parties had reached an agreement on all matters in dispute. The trial court asked the wife's counsel to draft a divorce judgment incorporating the terms of the parties' agreement. The trial court also ordered that the terms of the agreement be effective immediately. The husband moved to set aside the agreement, claiming he could not pay the amount of alimony he had agreed to pay. The trial court denied the motion. Before the trial court signed the divorce judgment, the husband committed suicide. "There were no other issues to be decided and all that remained was for the trial court to sign the judgment." Adams, 721 So.2d at 149. This Court stated that "it is generally recognized that, upon the death of either spouse, such a cause of action terminates or, if [a] divorce action has been commenced, the action abates." Id. We held that the wife's action was not abated under these particular facts, because the trial court's denial of the husband's motion to set aside the parties' agreement indicated that "the trial judge found that the agreement was final." Id.
The Court of Civil Appeals distinguished Adams, stating that §30-2-8.1, Ala. Code 1975, was not in effect when Adams was decided and that "the legislature was very clear in the preamble to Act No. 96-51 [, Ala. Acts 1996 — § 1 of which is codified as § 30-2-8.1
—] that its intent was `[t]o provide for a waiting period prior to the issuance of a final judgment of divorce.'" Connell, 808 So.2d at 29. The Court of Civil Appeals further distinguished Adams by noting that "the trial court's order [in] . . . Adams specified that the settlement *Page 33 
between the parties was to become effective immediately" and that "the trial court's signature was merely a formality to complete an order that was already final." Connell, 808 So.2d at 29.
The Court of Civil Appeals relied instead on this Court's decision inJones v. Jones, 517 So.2d 606 (Ala. 1987),[2] in which the trial court entered a temporary order in the wife's divorce action. Under that temporary order, the wife was to surrender the house to the husband and the husband was to "hold harmless" the wife from debt related to the house. Neither condition had been fulfilled when the husband was killed in an automobile accident. The trial court held that the temporary order did not vest in the deceased husband's estate a property right to the residence. This Court affirmed, noting that, because the order was temporary, there were many issues left to be decided by the court, and that the parties had not intended the temporary order to have full force and effect without resolution of alimony issues and the division of other property. We held:
 "An action for divorce, alimony, attorney fees, and an equitable division of marital property in which there has not been a final judgment does not survive the death of a party.
 "A marriage is dissolved by the death of a party to the marriage, and a pending action for dissolution by divorce is necessarily terminated and absolutely abated."
Jones, 517 So.2d at 608 (citations omitted).
The Court of Civil Appeals, applying Jones to this case, concluded that "the judgment, both by its own terms and by application of § 30-2-8.1, Ala. Code 1975, was not final and could not become final until the expiration of 30 days [from the date the complaint and the summons were filed]." 808 So.2d at 29. Thus, the Court of Civil Appeals concluded, "the divorce action was abated by the husband's death and . . . the trial court erred in denying the wife's postjudgment motion to set aside the divorce judgment." Id. at 29. We agree.
The divorce judgment stated that it would become final upon the expiration of 30 days from the date of the filing of the summons and the complaint. Moreover, this waiting period was statutorily mandated; see § 30-2-8.1, Ala. Code 1975, quoted earlier in this opinion at n. 1.
Chris committed suicide before the expiration of the 30-day waiting period; therefore, the divorce action was abated. The plain and unambiguous language of the statute makes it clear that the trial court's judgment was not final when Chris committed suicide, and the common law provides that a divorce action in which no final judgment has been entered is abated by the death of a party. See Jones, 517 So.2d at 608. Parish, in essence, asks this Court to carve out an exception to the common-law rule of abatement, so that an action for divorce no longer will be abated by the death of a spouse if the parties have reached a property settlement but the statutory 30-day "waiting period" has not yet elapsed. We decline to do so. Nothing in § 30-2-8.1, Ala. Code 1975, indicates the Legislature intended to abrogate the common-law rule of abatement. "If the legislature had intended to so act, that body would have made its intention evident and unmistakable." Holmes v. Sanders,729 So.2d 314, 316-17 (Ala. 1999).
 III.
We agree with the Court of Civil Appeals' interpretation of §30-2-8.1, Ala. *Page 34 
Code 1975. Therefore, we affirm the Court of Civil Appeals' judgment reversing the trial court's judgment of divorce.
AFFIRMED.
Houston, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., dissents.
[1] Section 30-2-8.1, Ala. Code 1975, provides:
 "(a) A court shall not enter a final judgment of divorce until after the expiration of 30 days from the date of the filing of the summons and complaint.
 "(b) This section shall not restrict the power of the court to enter any temporary orders necessary prior to the expiration of the waiting period. The temporary orders may include, but shall not be limited to, temporary orders on custody, spousal or child support, visitation, exclusive occupancy of the marital residence, or restraining the parties."
[2] Connell, 808 So.2d at 28.