I concur in the holding as to child support. I dissent, however, from the holding that the parties' August 4 agreement was not intended to constitute a final settlement agreement.
The trial court held a hearing on the validity of the August 4 agreement, after which it determined that the agreement was valid and would be incorporated into the divorce judgment. The court issued the following findings of fact and conclusions of law as to the agreement:
 "A. That at the time of the settlement, the [wife] was represented; the [husband was] proceeding pro se.
 "B. That this was at least the sixth attorney consulted or retained by [the wife], the [wife] having filed for divorce on three prior occasions.
 "C. That the complaint for divorce herein was filed on 8 June 1999, bearing the notation, `Hold service on [the husband]; divorce to be granted by agreement.'
 "D. That the four-page agreement . . . was executed on 4 August 1999.
"E. The agreement was prepared by [the wife].
 "F. The parties performed pursuant to the agreement, including dividing furniture and furnishings, purchasing a house mortgage-free for [the wife], and placing a mortgage against property held by [the husband].
 "G. That virtually every asset about which [the husband] was examined ore tenus was referenced in the agreement.
 "H. It was only after the purchase of the residence for [the wife] that the `final paperwork' was prepared-documents which differ from the agreement of 4 August 1999.
 "3. There was no evidence of duress, coercion, misrepresentation, fraud, or anything else which would lead a court to ignore the agreement reached by *Page 846 
 these parties. In fact, there was evidence to suggest that [the wife] merely used the process to have a mortgage-free residence purchased in her sole name."
The ore tenus rule requires us to presume that the trial court's finding — that there was no evidence of "duress, coercion, misrepresentation, fraud, or anything else which would lead a court to ignore the agreement reached by these parties" — was correct. SeeGresham v. Gresham, 797 So.2d 1108 (Ala.Civ.App. 2001). The court concluded, after hearing all the evidence, that the wife's entering the settlement agreement stemmed from her desire to obtain a "mortgage-free residence purchased in her sole name." Thus, the trial court's findings and conclusions applied a "clean hands" analysis to the wife's conduct.Cf. Ex parte Parish, 808 So.2d 30, 35 (Ala. 2001) (holding that a widow's "effort to gain a larger share of her husband's estate, her apparent reason for trying to nullify a settlement that she had agreed to while her husband was alive, violates classic principles of equity [the clean hands doctrine]").