MONROE, Judge.
Fannie Goodloe and Joseph M. Goodloe appeal from a summary judgment entered in favor of the defendant in a workers’ compensation case.
The facts of this case are somewhat unusual. Fannie Goodloe (“former wife”) and Joseph D. Goodloe (“Goodloe”) were married on April 20, 1959. On April 9, 1991, they were granted a “divorce a mensa et thoro from bed and board.” In February 1993, Goodloe sued for a divorce, and on January 11, 1994, the trial court entered a judgment divorcing the parties and awarding periodic alimony in the amount of $100.00 per week to the former wife. The divorce judgment also ordered Goodloe to pay $107.00 per week as child support for their 18-year-old son, Joseph M. Goodloe, until he reached the age.of majority.
Goodloe died, unexpectedly, on February 5, 1994, 3 weeks after the entry of the divorce judgment. On February 10, 1994, the former wife filed a motion requesting the trial court to vacate the divorce judgment. The former wife supported her motion with general grounds, and the motion did not apprise the trial court of Goodloe’s death. The trial court granted her motion on the day it was filed.
On August 11, 1995, Goodloe’s son and former wife filed a lawsuit against Goodloe’s employer, Laroche Industries, alleging that he had died as a result of an accident that occurred in the line and scope of his employment. The son and former wife also alleged that they were Goodloe’s dependents and that they were therefore entitled to receive death benefits under the workers’ compensation law of Alabama. Laroche denied that Goodloe’s death was the result of a work related injury and also denied that the son *337 and former wife were Goodloe’s dependents under the workers’ compensation law.
Laroche moved for a summary judgment on the ground that the son and former wife were not entitled to receive workers’ compensation death benefits. The trial court granted the summary judgment, and the former wife and son appealed.
Initially we note that in order to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material fact; “substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Section 25-5-60, Ala.Code 1975, provides for payment of workers’ compensation benefits to dependents of a deceased employee, where the employee’s death proximately results within three years from a covered accident. Those who are presumed to be wholly dependent include the worker’s spouse, minor children under the age of 18, and children 18 or older who are physically or mentally incapacitated from earning. § 25-5-61, Ala.Code 1975. Even if not presumed wholly dependent, certain persons, including a deceased worker’s wife and child, can receive compensation as the worker’s total dependents if they were wholly supported by the worker at the time of his death or had been for a reasonable period of time immediately ■ preceding his death. § 25-5-62, Ala.Code 1975.
The son argues that he was entitled to receive death benefits as a partial dependent. Section 25-5-64, Ala.Code 1975, provides that any class member qualified to receive benefits under § 25-5-62, including a child of the deceased, who regularly derived part of his support from the deceased worker at the time of his death or had done so for a reasonable period of time immediately prior thereto, shall be considered a partial dependent. See also § 25-5-60, Ala.Code 1975 (setting out compensation payable to partial dependents). Neither § 25-5-62 nor § 25-5-64 requires that the child be under 18 to be eligible for the compensation.
The divorce judgment ordered Good-loe to provide support for his 18-year-old son until he reached the age of majority. There is no evidence that the son was employed until several months after Goodloe’s death. Clearly, the son was at least a partial dependent at the time of Goodloe’s death and is therefore qualified to receive compensation under § 25-5-64. Therefore, the trial court erred in awarding a summary judgment in regard to the son’s claim.
The former wife argues that she is entitled to death benefits because the trial court vacated the divorce judgment. She argues that she was Goodloe’s spouse at the time of his death and is therefore presumed to have been wholly dependent under § 25-5-61. In addition, the former wife argues that the February 1994 order vacating the divorce judgment was improperly attacked by La-roche in its motion for summary judgment, because the time for appealing the order had long since expired.
While it is true that the time for appealing the order had run, it is not true that the order was immune from attack. It is well settled that questions of jurisdiction are always fundamental, and that when a court lacks jurisdiction it has no power to act. Mobile & G. R.R. v. Crocker, 455 So.2d 829 (Ala.1984). The general rule is that the death of one of the parties to a divorce results in abatement of the divorce action. Hill v. Lyons, 550 So.2d 1004 (Ala.Civ.App.1989). The exception to this rule arises when the divorce judgment affects property rights, and in such cases the judgment as it relates to property rights may be altered or modified upon a timely motion. Id. Al *338 though a trial court can alter certain terms of a divorce judgment after the death of one of the parties, a trial court does not retain jurisdiction to change the marital status of these parties. Id. Thus, the trial court exceeded its jurisdiction when it vacated the divorce judgment after Goodloe died. Therefore, the trial court, in considering Laroche’s motion for a summary judgment, correctly determined that the parties were indeed divorced at the time of Goodloe’s death, and that, as a result, the former wife was not entitled to receive worker’s compensation death benefits.
That part of the summary judgment relating to Fannie Goodloe’s claims is affirmed; the remainder of the judgment is reversed; and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.