Robert G. Peden ("the husband") and Hazel (Penny) Dunn Peden ("the wife") were married in September 1995. Before the marriage, the parties executed an antenuptial agreement. According to the parties' handwritten financial statements appended to that agreement, the wife's net worth was approximately $10 million. The parties separated in June 2003. The husband sued for a divorce; he later amended his complaint to add a slander claim against the wife. The wife moved for a summary judgment on most of the issues raised in the divorce proceeding, arguing that they were governed by the parties' antenuptial agreement. The husband responded to the wife's motion by arguing that the agreement was ambiguous in certain respects; that, under the terms of the agreement as he read them, certain property was not solely the wife's; and that he was entitled to a constructive trust in the wife's personal property because it had been paid for with his separate property (i.e., his income). The trial court entered a summary judgment in favor of the wife, holding that the antenuptial agreement controlled the disposition of the parties' assets. After a short trial primarily concerning whether the husband should be responsible for the payment of two promissory notes he allegedly executed in favor of the wife, the trial court entered a judgment divorcing the parties, incorporating the terms of the antenuptial agreement, awarding the wife all the assets in her name, and requiring the husband to pay "any debts contracted by him." The trial court also ordered a separate trial on the husband's slander claim. Subsequently, the trial court entered an order making the divorce judgment final pursuant to Rule 54(b), Ala. R. Civ. P. The husband appeals.
The wife testified in her deposition and at trial that the husband had executed promissory notes in her favor in the amount of $110,000 and $83,000; the amount of $183,000[1] owed to the wife by the husband was referenced on the wife's *Page 723 
financial statement appended to the antenuptial agreement. The husband contested his liability for the $83,000 promissory note, stating that he and the wife had agreed when the note was executed that it would be null and void upon their marriage or upon the sale of the house that secured the note, both of which events had occurred. The husband also disputed having ever borrowed either $100,000 or $110,000 from the wife. The $110,000 promissory note entered into evidence is not signed by the husband.
The trial court's judgment requires the husband to be responsible for "any debts contracted by him." Although this provision could be read to require the husband to be responsible for the $83,000 promissory note executed by him, it cannot be read to require payment of the $110,000 note; the copy of the note that was entered into evidence was not signed by the husband and the husband disputed that he ever executed the note. The trial court's judgment begs — and therefore does not resolve — the question whether the husband ever contracted for the alleged $110,000 debt.
An appeal ordinarily lies only from the entry of a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig,557 So.2d 1249, 1253 (Ala. 1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004
(Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean,557 So.2d at 1253.
Although the trial court entered an order certifying its judgment as final pursuant to Rule 54(b), the existence of that order does not alone resolve our finality problem. As our supreme court has stated, "Rule 54(b) does not authorize the entry of final judgment on part of a single claim." Precision AmericanCorp. v. Leasing Serv. Corp., 505 So.2d 380, 381 (Ala. 1987). The Precision American court relied on the Committee Comments to Rule 54, which read:
 "The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party."
Rule 54, Committee Comments on 1973 Adoption.
The husband sued the wife for a divorce. When resolving the husband's claim for a divorce and his request that the marital assets be divided, the trial court was required to divide both the assets and the liabilities of the parties. The assignment of the debts of the parties is an aspect of the division of the parties' property. The trial court has not resolved the division of the parties' debts; therefore, it has not fully resolved the division of the parties' property. Accordingly, because the divorce judgment does not resolve all issues or determine the rights and liabilities of the parties and because the Rule 54(b) certification of the divorce judgment is inappropriate, the judgment is not final and will not support an appeal.
APPEAL DISMISSED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] We note the $10,000 discrepancy; however, it is not relevant to the disposition of the appeal at this time. *Page 724