MOORE, Judge.
 

 Susan S. Boudreau, the administrator of the estate of Robert Slaton, appeals from the trial court’s determination that the divorce action filed by Anne S. Slaton (“the wife”) against Robert Slaton (“the husband”) abated upon the husband’s death. We affirm.
 

 
 *497
 

 Facts and Procedural History
 

 On September 26, 2006, the wife filed a complaint in the Elmore Circuit Court seeking a divorce from the husband. The wife alleged that there had been an irretrievable breakdown of the parties’ marriage and requested, among other things, that the court divorce the parties, divide the personal property and debts of the marriage between the parties, and award the wife alimony. After the husband answered, the trial court set the case for a trial to take place on January 4, 2007. The trial court continued the case three times to August 22, 2007. On August 17, 2007, the wife filed a motion to continue the case again, to which the husband objected. In his objection, the husband noted that the trial court had “advised at the last trial setting that there would be no more continuances” in the case and that “the [hjusband’s health is declining rapidly and he has already scheduled medical procedures to ensure his attendance at the August 22, 2007, trial date.”
 

 On August 22, 2007, the trial court made the following entry on the case-action-summary sheet: “Case called. Divorce issued. Parties are forever divorced. All issue [sic] of property division reserved to this Court.”
 
 [1]
 
 The trial court subsequently set the case for a final hearing regarding the division of property for January 9, 2008.
 

 The husband died on November 13, 2007. On December 4, 2007, the wife filed a motion for an injunction, seeking an order enjoining “all parties from the removal, transfer, conveyance, sale or any other transfer concerning any item of marital property pending further orders from this [c]ourt.” The trial court granted the wife’s motion for an injunction on December 19, 2007.
 

 On January 8, 2008, the wife filed a motion to set aside the order of divorce or, in the alternative, for an order nullifying and voiding all orders previously entered in the action because, she argued, the action had been abated by the husband’s death. On January 9, 2008, the trial court, by an order entered on the case-action-summary sheet, set aside its August 22, 2007, order of divorce pursuant to
 
 Jones v. Jones,
 
 517 So.2d 606 (Ala.1987). By a separate entry on January 9, 2008, the trial court ruled that the wife’s motion to set aside the order of divorce abated due to the husband’s death.
 

 On January 30, 2008, Susan S. Bou-dreau, who had been appointed as the administrator of the husband’s estate, filed a motion to substitute the husband’s estate as the proper party in the divorce action and a motion to vacate the trial court’s January 9, 2008, order setting aside the order of divorce. In the motion to vacate, Boudreau alleged that on November 8, 2007, the husband had executed a new will removing all references to the wife. Bou-dreau argued that unless the August 22, 2007, order was reinstated the wife would be unjustly enriched if she were to exercise her right to an elective share of one-third of the husband’s estate. On February 28, 2008, the trial court entered an order on the case-action-summary sheet denying Boudreau’s motion to vacate the January 9, 2008, order. Boudreau filed a notice of appeal to this court on April 9, 2008.
 
 [2]
 

 
 *498
 

 Standard of Review
 

 “A trial court’s conclusions on legal issues carry no presumption of correctness on appeal.
 
 Ex parte Cash,
 
 624 So.2d 576, 577 (Ala.1993). This court reviews the application of law to facts de novo.
 
 Allstate [Ins. Co. v. Skelton
 
 ], 675 So.2d [377] at 379 [ (Ala.1996) ] (‘[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the [trial] court’s judgment carries no presumption of correctness.’).”
 

 City of Prattville v. Post,
 
 831 So.2d 622, 628 (Ala.Civ.App.2002).
 

 Discussion
 

 On appeal, Boudreau argues that the trial court erred in setting aside the August 22, 2007, order of divorce. Citing
 
 Goodloe v. LaRoche Industries, Inc.,
 
 686 So.2d 335 (Ala.Civ.App.1996), Boudreau maintains that a trial court may not change a couple’s marital status after the death of one of the parties. In
 
 Goodloe,
 
 the husband died unexpectedly three weeks after the trial court had entered a final judgment divorcing the parties; shortly thereafter, the trial court granted the wife’s motion to vacate the divorce judgment. 686 So.2d at 336. In determining that the trial court had exceeded its jurisdiction when it had vacated the divorce judgment after the husband’s death, this court stated:
 

 “The general rule is that the death of one of the parties to a divorce results in abatement of the divorce action.
 
 Hill v. Lyons,
 
 550 So.2d 1004 (Ala.Civ.App.1989). The exception to this rule arises when the divorce judgment affects property rights, and in such cases the judgment as
 
 it
 
 relates to property rights may be altered or modified upon a timely motion.
 
 Id.
 
 Although a trial court can alter certain terms of a divorce judgment after the death of one of the parties, a trial court does not retain jurisdiction to change the marital
 
 status
 
 of these parties.
 
 Id.”
 

 686 So.2d at 337-38. Boudreau argues that, because the trial court had entered a judgment “forever” divorcing the parties on August 22, 2007, it was without jurisdiction to set aside that order because to do so would change the parties’ marital status after the husband’s death.
 

 Boudreau’s reliance on
 
 Goodloe
 
 for the proposition that a trial court does not retain jurisdiction to change the marital status of the parties after the death of one of the parties is misplaced.
 
 Goodloe,
 
 as well as
 
 Hill v. Lyons,
 
 550 So.2d 1004 (Ala.Civ.App.1989), the case upon which
 
 Goodloe
 
 relied, involved a trial court’s attempt to vacate a
 
 final
 
 divorce judgment, i.e., a judgment that had completely adjudicated all matters in controversy between the litigants.
 
 McGill v. McGill,
 
 888 So.2d 502, 504 (Ala.Civ.App.2004). In this case, the parties, by their pleadings, sought not only an alteration of their marital status, but also an equitable division of their marital property. In its August 22, 2007, order the trial court changed the parties’ marital status, but it reserved for a later determination the issue of property division. As such, the order was not a final judgment.
 
 See, e.g., McGill,
 
 888 So.2d at 504; and
 
 Ex parte Parish,
 
 808 So.2d 30, 33 (Ala.2001). Hence,
 
 Goodloe
 
 is not on point.
 

 In
 
 Jones v. Jones, supra,
 
 the parties entered into an agreement regarding the disposition of the marital home. 517 So.2d at 607. The trial court incorporated that agreement into a “temporary order,” but it
 
 *499
 
 indicated that other issues, including alimony, the division of personal property, permanent child custody, and child support, would be decided later. 517 So.2d at 608. Before a final judgment on all issues could be entered, Mr. Jones died. 517 So.2d at 607. Noting that the parties had not indicated in their agreement that the disposition of the marital home would be binding in the event of either party’s death, 517 So.2d at 608, the court held that Mr. Jones’s death abated the entire divorce action and nullified the temporary order regarding the marital home. 517 So.2d at 609. In so holding, the court said: “An action for divorce, alimony, attorney fees, and an equitable division of marital property
 
 in which there has not been a final judgment
 
 does not survive the death of a party.”
 
 Jones v. Jones,
 
 517 So.2d at 608 (emphasis added).
 

 Boudreau argues that the present case is distinguishable from
 
 Jones
 
 for several reasons. Boudreau first argues that the order in
 
 Jones
 
 was temporary on its face, whereas the order in the present case stated that the parties were “forever” divorced. We do not believe that that distinction warrants a different outcome. In
 
 Jones,
 
 it was not the phraseology of the “temporary” order, but the fact that it did not resolve all outstanding issues, that rendered that order nonfinal. In this case, although the trial court used more “permanent” language in divorcing the parties, that judgment plainly did not conclusively determine all issues in controversy between the litigants. The facts of this case clearly place it within the rule that a divorce action “in which there has not been a final judgment” abates upon the death of one of the parties.
 

 Boudreau next argues that, in
 
 Jones,
 
 Mr. Jones’s death was unexpected, but that, in the present case, the order was entered
 
 because
 
 of the trial court’s knowledge of the husband’s “imminent demise” and with the abatement principle in mind. We note that the trial court did not indicate in its August 22, 2007, order the reason why it divorced the parties at that time. Boudreau has also failed to cite any portion of the record revealing the basis for the trial court’s action. “This Court does not have the obligation to search the record for substantiation of unsupported factual matter appearing in an appellant’s brief in order to determine whether a judgment should be reversed.”
 
 Friedman v. Friedman,
 
 971 So.2d 23, 31 (Ala.2007). More to the point, the intent of the trial court in entering the order divorcing the parties does not overcome the inherent lack of finality of that order.
 
 [3]
 

 Finally, Boudreau argues that, unlike in
 
 Jones,
 
 after the entry of the order divorcing the parties in the present case, the husband invoked a will that he had intended to leave in effect if he was married at his death. The only reference in the record that speaks to the husband’s will is in Boudreau’s motion to vacate, which asserted that the husband had executed a new will that did not include the wife. Although we recognize that the death of the husband during the pendency of the divorce action and his creation of a new will with the order divorcing the parties in mind creates special problems that have not heretofore been addressed with
 
 *500
 
 regard to the law of abatement, we are nevertheless bound by Alabama law, which states that a divorce action abates when a final judgment has not been entered.
 
 See Jones,
 
 517 So.2d at 608.
 

 Boudreau contends that affirming on the basis of lack of finality will allow a procedural rule to vitiate the substantive principle that marital status cannot be changed after death. Boudreau requests that we recognize an exception to the rule that a final judgment cannot be entered on part of a claim and that we remand the matter to the trial court for a decision on the reserved property issues. After researching other jurisdictions for a rule allowing for partial finality in divorce judgments, we discovered that Missouri law holds the doctrine of abatement inapplicable “where a dissolution of marriage has been ordered prior to the death of a party, even though the order may be partial, interlocutory or not a final judgment resolving all issues in the case.”
 
 Linzenni v. Hoffman,
 
 937 S.W.2d 723, 726 (Mo.1997).
 

 In
 
 McMilian v. McMilian,
 
 215 S.W.3d 313 (Mo.Ct.App.2007), the Missouri Court of Appeals, citing
 
 Linzenni,
 
 explained that the issue of abatement or survival of an action after the death of one of the parties is a question of substantive law and
 
 “not
 
 a procedural question regarding finality of a judgment for purposes of appeal.” 215 S.W.3d at 316.
 
 But see Linzenni,
 
 937 S.W.2d at 727 (Covington, J., dissenting) (suggesting that a procedural rule requiring a final judgment must be complied with before the question whether the case is abated may be addressed). Missouri, however, employs the concept of separable finality of the issues in a dissolution proceeding, and, thus, an order dissolving a marriage is considered final and separate from an order distributing marital property.
 
 See Fischer v. Seibel,
 
 733 S.W.2d 469, 472 (Mo.Ct.App.1987). That concept of separable finality is grounded in Missouri’s statutory law. See
 
 Fischer,
 
 733 S.W.2d at 472; Mo.Rev.Stat. § 452.360.1 (1978); and
 
 State ex rel. Horridge v. Pratt,
 
 563 S.W.2d 168,170 (Mo.CtApp.1978).
 

 Alabama does not have a similar statute that could be interpreted to allow for separable finality of divorce judgments. Moreover, as stated in
 
 Jones
 
 and
 
 McGill,
 
 Alabama has repeatedly confirmed in its caselaw that divorce judgments are not final until all matters pursuant to that divorce, including property division, have been adjudicated.
 
 See also Peden v. Peden,
 
 931 So.2d 721, 723 (Ala.Civ.App.2005) (divorce judgment was not final when it had not resolved the division of the parties’ debts); and
 
 Grubbs v. Grubbs,
 
 729 So.2d 346, 348 (Ala.Civ.App.1998) (judgment was not final when it had not divided the parties’ personal property). We are unable to find, and Boudreau has failed to present, any law from other jurisdictions, other than Missouri, that allows separable finality in divorce judgments for purposes of abatement or appeal. We decline to create the exception to the law of abatement allowing for separable finality as requested by Boudreau. To do so would create new law, which is the province of the legislature.
 
 See Birmingham-Jefferson Civic Ctr. Auth. v. City of Birmingham,
 
 912 So.2d 204, 212 (Ala.2005).
 

 Boudreau next asserts an argument based on the doctrine of judicial es-toppel. “ ‘The doctrine of judicial estoppel “applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted.” ’ ”
 
 Ex parte First Alabama Bank,
 
 883 So.2d 1236, 1241 (Ala.2003) (quoting
 
 Jinright v. Paulk,
 
 758 So.2d 553, 555 (Ala.2000), quoting in turn
 
 Selma Foundry & Supply Co. v. Peoples Bank & Trust Co.,
 
 598 So.2d 844, 846 (Ala.1992), quoting in turn
 
 Oneida Motor Freight, Inc. v. United Jersey
 
 
 *501
 

 Bank,
 
 848 F.2d 414 (3d Cir.1988)). That doctrine applies to “issues or positions litigated or maintained in a
 
 ‘prior suit.” BSI Rentals, Inc. v. Wendt,
 
 893 So.2d 1184, 1187 (Ala.Civ.App.2004) (emphasis added). In this case, the parties were not involved in any prior legal proceedings involving their marital status. Boudreau premises her argument solely on motions filed by the wife in the present proceeding. Because each of the wife’s motions were filed in the same action, the doctrine of judicial estoppel does not apply in this case.
 
 [4]
 

 Boudreau last argues that this court should hold that when an “order dissolving a marriage is vacated after the death of one of the parties because the judgment was not otherwise final, any change to the party’s will in reliance on the divorce order should also be revoked as to the spouse.” An issue that was not before the trial court may not be raised for the first time on appeal.
 
 Dinkel v. Dinkel,
 
 598 So.2d 918, 920 (Ala.Civ.App.1991). Neither the issue whether the change to the husband’s will was made in reliance on the divorce order nor the will itself was before the trial court. Moreover, it is not the province of this court to create laws; rather, it is our duty to interpret laws.
 
 See Birminghamr-Jefferson Civic Ctr. Auth. v. City of Birmingham,
 
 912 So.2d at 212. Although we recognize that the facts of this case represent a unique situation, we are without authority to do as Boudreau asks and declare that the will executed by the husband after the entry of the trial court’s August 22, 2007, order is revoked.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 .
 
 See
 
 Rule 58(a)(4), Ala. R. Civ. P. (a judge may render an order or a judgment by making a notation in the court records).
 

 [2]
 

 . The wife filed a motion to strike Boudreau’s initial brief to this court. Insofar as the wife's motion requests that this court strike Bou-dreau’s initial brief in its entirety, that motion is denied. We do, however, grant the wife’s alternative request that we strike the exhibits attached to Boudreau's initial brief that were not before the trial court and any references
 
 *498
 
 in the brief thereto. We also grant the wife's motion to strike Boudreau's reply brief to this court to the extent that it relies on facts or exhibits not presented to the trial court.
 

 [3]
 

 . Boudreau has not raised, and we do not address, the issue whether the August 22, 2007, order may have been certified by the trial court as final pursuant to Ala. R. Civ. P., Rule 54(b). We do conclude, however, that that order
 
 was not
 
 so certified and that, even if the trial court had stated that its reasoning for entering the order was because the husband was dying, that order was still not a final judgment of divorce according to Alabama law.
 
 See McGill,
 
 888 So.2d at 504.
 

 [4]
 

 . In her argument regarding judicial estoppel, Boudreau asserts that the wife has changed her position regarding the marital status of the parties to Boudreau’s detriment, predominantly with regard to the husband’s revision of his will in reliance on the trial court’s order divorcing the parties. Although we have disposed of this issue before reaching those arguments related to the husband's various wills, we note that the husband’s wills were not in the record on appeal, and we have not considered arguments relating to the same.
 
 See Roberts v. NASCO Equip. Co.,
 
 986 So.2d 379, 385 (Ala.2007) (appellate courts will not consider evidence that is not in the record on appeal). We have limited our consideration to the assertion in Boudreau’s motion to vacate that the husband had executed a will without reference to the wife after the trial court had entered the August 22, 2007, order divorcing the parties.