This is an appeal from a judgment dismissing Appellant Elam's action against Illinois Central Gulf Railroad. We reverse and remand.
Ludie Duncan was injured while working at a lumber yard in Bibb County, Alabama, on May 13, 1983, as he was attempting to close the doors of a railroad box car. He filed an action in Bibb County Circuit Court on May 20, 1983, against Illinois Central Gulf Railroad to recover for personal injuries, alleging negligence and wanton misconduct. Because Duncan had been rendered non compos mentis by his injuries, suit was brought through his wife and duly appointed guardian, Agnes Duncan.
Ludie Duncan died intestate on July 19, 1983. His daughter, Florence Duncan Elam, was appointed administratrix of his estate. In August of 1983, Elam, as personal representative of Duncan's estate, was substituted, on Elam's motion, for the deceased plaintiff in the Bibb County action. Elam also filed an amendment to the personal injury complaint in the Bibb County action, adding a claim for wrongful death.
In February of 1984, Elam, as administratrix, filed an action against Illinois Central for the wrongful death of Duncan in the Jefferson County Circuit Court. On motion of Illinois Central, that action was dismissed, and the trial court entered an order stating that dismissal was based on Elam's prosecution of two wrongful death actions at the same time against the same defendant, in violation of Code 1975, § 6-5-440:
 "In view of the position of the two actions, as this court considers the one issue before it, can lead but to one conclusion. The plaintiff is currently prosecuting two wrongful death actions at the same time in the courts of this state and against the same defendant. This is prohibited by Section 6-5-440, Code of Alabama. The second action filed is due to be dismissed."
Elam appeals from this dismissal.[1]
Appellant Elam raises a single issue on appeal: Does the death of a sole plaintiff in a tort action for personal injury extinguish that action, so that any further prosecution *Page 742 
must be by a new and separate action for wrongful death filed by the representative of the deceased plaintiff's estate? We answer this question in the affirmative.
The suit filed by Ludie Duncan (through his wife) in Bibb County was only for the personal injuries suffered by Duncan, and that complaint alleged that those injuries were caused by the negligence and wanton misconduct of Illinois Central. There were no claims made on behalf of Duncan's wife. Because there were no other parties to the original action and no other claims filed with the claim for Duncan's personal injuries, when Ludie Duncan died the Bibb County action was extinguished. Therefore, there was no action in existence which Elam could have amended to state a claim for wrongful death. Price, 470 So.2d at 1128.
The Bibb County action abated and became a nullity upon the death of Ludie Duncan. There was no Bibb County action in which Elam could have been substituted as a party or which could have been amended to state a claim for wrongful death or which could have acted as a bar to Elam's Jefferson County action under §6-5-440. Parker v. Fies Sons, 243 Ala. 348, 10 So.2d 13
(1942).
Illinois Central contends that the holding in Price supra, changed the rule in Parker, supra, and supports the trial court's order. Illinois Central argues that Parker, which held that a personal injury complaint could not be amended to state a subsequent claim for wrongful death, was based on an Alabama statute (Title 17, § 239, Code 1940), which has been specifically superseded by A.R.Civ.P. 15.
This issue regarding the right to amend under Rule 15 was addressed in Price, and Illinois Central now invites our attention to the following language in Price:
 "The Rules of Civil Procedure do change the rule announced in Parker v. Fies Sons, in that now a complaint may be amended to add a claim which accrues after the filing of the original complaint." 470 So.2d at 1129.
This sentence from Price, says Illinois Central, clearly supports its proposition that, under Price and Rule 15, it is no longer necessary to file a new action, because it is now proper to amend the original complaint to add a claim for wrongful death. Illinois Central further argues that "this Court, in Price, [did] not make the amendment dependent upon the survivability of Mrs. Price's consortium claim."
This argument is without merit, and misconstrues the holding in Price. Indeed, the Court specifically recognized the rule which now allows the instant Appellant's action to proceed in the Jefferson County Circuit Court:
 "The original complaint in the first action, filed before Lonnie Price's death, did not state a claim for breach of warranty. It was only after his death that Donna Price sought to amend that complaint to state a claim for breach of warranty. This amendment had no effect, because Lonnie's claim as stated in the original complaint was extinguished, and, thus, the action was no longer viable. Because his tort claim for personal injury abated, the action, as filed by Lonnie Price, ended; consequently, it could not be amended. See Proctor v. Gissendanner, 579 F.2d 876 (5th Cir. 1978)." 470 So.2d at 1128.
Our holding here does not mean that in every circumstance an action stating a personal injury claim, which is pending at the death of the injured party, is not amendable. Clearly, if any
claim of the original action survives the death of the injured party, or if, by alternative allegations, the original complaint asserted inconsistent or mutually exclusive claims(e.g., a claim for personal injury and a claim for wrongful death), the original complaint is "amendable" under the Rules of Civil Procedure and the law set out in Price. Rather, we merely reaffirm here the general rule, left undisturbed byPrice, that where an injured party files a personal injury action, and where the complaint states no cause of action except that for the personal injury, the death of the party, where *Page 743 
caused by the injury in question, extinguishes the personal injury action and the suit is abated and, therefore, is not amendable.
The judgment appealed from is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., concurs specially.
[1] There was a prior filing by Elam for wrongful death in the Jefferson County Circuit Court which was also dismissed. The instant appeal is a "refiling" of that action following this Court's opinion in Price v. Southern Railway Co.,470 So.2d 1125 (Ala. 1985). Although Illinois Central raises the issue of res judicata in a motion to dismiss filed with this Court on the day of oral argument in this appeal, that issue was not raised below as an affirmative defense to the second action. Therefore, this issue cannot, and will not, be addressed now on appeal.