ON APPLICATION FOR REHEARING
PER CURIAM.
The opinion of September 4, 1992, is withdrawn, and the following is substituted therefor.
The issue presented in this ease is whether a personal injury action may be amended by a personal representative after the plaintiff dies, allegedly as the result of the personal injury, to state a wrongful death claim, even though more than two years has expired after the death of the plaintiff.
The trial court, following Elam v. Illinois Central Railroad, 496 So.2d 740 (Ala.1986), dismissed the action and entered a judgment for “all the remaining defendants and against the plaintiff,” on the ground that the personal injury action was extinguished upon the death of the plaintiff, and that no wrongful death action was commenced within two years of the plaintiffs death as allowed by the provisions of § 6-5-410, Ala.Code 1975.
The basic facts are as follows. Jessie Hogland filed a claim against various fictitiously named parties, alleging that he had suffered personal injuries from having been exposed to asbestos. Hogland alleged that asbestos-containing products had caused him to contract an illness diagnosed as mesothelioma. Hogland died of mesothelioma on November 10, 1985.
On December 6, 1989, one of the defendants filed a suggestion of death of Jessie Hogland. On June 4, 1990, Yvonne Hog-land, as executrix of Jessie Hogland’s estate, filed a motion to revive the action as a personal representative and to amend the *622 complaint to include an action alleging wrongful death. The trial court granted her motion.
On April 2, 1991, one of the defendants moved to strike the amendment, alleging that the personal injury action had been extinguished upon Jessie Hogland’s death, pursuant to the holding in Elam that a wrongful death action was barred by the two-year statute of limitations for death cases set out in § 6-5-410, Ala.Code 1975. Subsequently, various other defendants joined the motion to strike.
On September 9, 1991, the trial court entered a summary judgment on behalf of the defendants Flintkote Company and Anchor Packing Company because Yvonne Hogland failed to prove exposure to those defendants’ products. Apparently, Yvonne Hogland does not appeal that summary judgment.
After holding a hearing on the motion to strike the amendment to the complaint, the trial court entered a summary judgment “for all the remaining defendants and against the plaintiff,” based on Elam and on § 6-5-410. Yvonne Hogland appealed. We reverse and remand. Further, because we are unable to ascertain from the record exactly who “all the remaining defendants” are, we instruct the trial court to do so.
In King v. National Spa & Pool Institute, 607 So.2d 1241 (Ala.1992), this Court overruled Elam and held that personal injury actions do not abate when a plaintiff dies as a result of the alleged wrongful act of the defendant. Based on the authority of King, we must reverse the summary judgment entered “for all the remaining defendants” in this case.
On remand, the trial court is instructed to determine exactly who “all the remaining defendants” are and to set the case for trial against those defendants.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.