On June 29, 2007, during divorce proceedings involving Julie Orender Couch ("the wife") and Ronald E. Couch ("the husband"), the Montgomery Circuit Court ("the trial court") ordered the parties to preserve all of their jointly or individually owned assets. While that order was still in effect, the trial of the case commenced, but was not completed, on October 4, 2007; the trial court scheduled the remainder of the trial to take place on October 29, 2007. However, on October 7, 2007, before the trial could be completed, the husband died from injuries he received in an automobile accident.
On October 10, 2007, the wife filed a "motion to preserve assets" alleging that, immediately before the October 4 hearing, she had learned that the husband had violated the trial court's June 29 order by selling a house in Oregon and distributing $100,000 of the proceeds of the sale to his mother, Myrna Riley, allegedly to repay undocumented loans. On October 11, 2007, the trial court entered an order requiring that all the husband's assets be preserved, including any assets held by the husband's relatives. In addition, the trial court ordered Riley to "deposit $100,000 with the Deputy Register of this Court within ten (10) days." Riley was personally served with a copy of that order on October 17, 2007.
On October 18, 2007, the attorney for the husband filed a motion to vacate the October 11, 2007, order, asserting that the order was not based on any evidence; that the husband would have refuted the allegations in the motion but had not been afforded an opportunity to contest the motion before his death; and that his death had abated the divorce action. On October 22, 2007, Riley filed a special appearance to contest jurisdiction, arguing that the trial court could not exercise personal jurisdiction over her because she was a resident of Oregon with no economic ties to Alabama and that she had not been served in Alabama, which she alleged was proven by her affidavit attached to the pleading.
On November 14, 2007, the trial court entered a judgment finding that the death of the husband had abated the divorce action. The trial court dismissed the divorce action, but it did not vacate its October 11, 2007, order. The trial court reasoned that it had previously ordered the parties to preserve all of their assets in the *Page 587 
June 29 order, and it determined that the husband had violated that order by selling the Oregon house and giving Riley $100,000 of the proceeds of the sale, which the trial court characterized as marital property. The trial court asserted that it could order Riley to preserve the money based on its subject-matter jurisdiction over all the parties' marital property even if it had no personal jurisdiction over Riley, who the trial court concluded was "simply a third party who is serving as an undisclosed depository for secreting marital property." Although the trial court did not vacate its October 11 order, the trial court declared that the Montgomery Probate Court appeared to be the proper court for administration of the husband's estate and the proper forum for "gathering assets placed with third parties."
On December 21, 2007, Riley filed her notice of appeal to this court; that same day, she also filed a petition for a writ of mandamus. The appeal and the petition for a writ of mandamus were consolidated by this court on January 2, 2008.
In her briefs to this court, Riley argues that the trial court lacked jurisdiction to enter the October 11, 2007, order and the November 14, 2007, judgment. The November 14, 2007, judgment is final; however, because Riley has challenged the trial court's jurisdiction to enter the October 11, 2007, order and the November 14, 2007, judgment, the proper method for obtaining this court's review is by way of a petition for the writ of mandamus. See Ex parte Full Circle Distribution,L.L.C., 883 So.2d 638, 644 (Ala. 2003) (holding that "[a] judgment is void if the court rendering the judgment lacked personal jurisdiction over the parties"); and Ex parteCitizens Bank, 879 So.2d 535, 540 (Ala. 2003) (holding that a judgment entered without subject-matter jurisdiction is void and that an appeal from a void judgment must be dismissed). We, therefore, dismiss Riley's appeal and proceed to address her petition for a writ of mandamus.
 "Mandamus is a drastic and extraordinary writ, to be issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995).
In Riley's mandamus petition, she first argues that the trial court had no jurisdiction to enter the October 11, 2007, order and the November 14, 2007, judgment because, she says, the husband's death had abated the divorce action. We agree that the death of the husband abated the divorce action on October 7, 2007. See, e.g. Ex parte Parish, 808 So.2d 30, 33
(Ala. 2001). Therefore, the question before this court is whether the abatement of a divorce action terminates the jurisdiction of a trial court to enforce a pre-abatement injunction requiring the parties to preserve their assets.
Alabama law generally holds that abatement does not divest a court of jurisdiction to act on a judgment affecting the parties' property rights. See, e.g., Hill v. Lyons,550 So.2d 1004 (Ala.Civ.App. 1989). However, it appears from our review that all the cases applying that rule involve final judgments of divorce in which the court divided the marital property. See Cummings v. Cummings, 541 So.2d 488
(Ala. 1989); Stapleton v. Stapleton, 282 Ala. 62,209 So.2d 202 (1968); Cox v. Dodd, 242 Ala. 37,4 So.2d 736 (1941); and Smith v. Smith, 601 So.2d 1032
(Ala.Civ.App. 1992).
When a court has entered only an interlocutory order dividing marital property, *Page 588 
that order abates upon the death of one of the parties to the divorce action. See Ex parte Parish,808 So.2d at 33; and Jones v. Jones, 517 So.2d 606, 608-09
(Ala. 1987). However, as an exception to this rule, if the parties had entered into a binding voluntary property settlement intended to be effective before the death of one of the signatories, that death does not affect the jurisdiction of the court to enter a final judgment incorporating that property settlement. See Ex parte Adams, 721 So.2d 148, 149
(Ala. 1998).
In this case, before the death of the husband, the trial court did not enter either a final judgment or an interlocutory order dividing the parties' marital property. The parties also had not entered into any binding property settlement. The order entered by the trial court on June 29 was only an interlocutory order requiring the parties to preserve their assets in anticipation of a later division of the marital property. From our review of Alabama law, we have not found any case addressing whether a trial court may enforce such an order following the abatement of the divorce action due to the death of one of the parties. Courts from other jurisdictions appear to be divided on the issue.
 "Several states follow the rule that abatement also divests the trial court of the equitable power to enforce its pre-abatement orders. See, e.g., Am. Family Life Ins. Co. v. Noruk, 528 N.W.2d 921, 923 (Minn.Ct.App. 1995) (`When one of the parties dies . . . a temporary re-straining order has no effect and the court's jurisdiction to enforce it ends.'); [Estate of] Hackler [v. Hackler], [44 Va.App. 51,] 602 S.E.2d [426,] 437 [(2004)] (holding that trial courts do not have jurisdiction to remedy violations of injunctions when divorce has been abated by a party's death). Other courts have determined that the abatement of a divorce by a party's death does not divest the trial court of jurisdiction to enforce pre-abatement orders. See, e.g., Cent. States, S.E. S.W. Areas Pension Fund v. Howell, 227 F.3d 672, 675-76 (6th Cir. 2000) (applying Michigan law); Candler v. Donaldson, 272 F.2d 374, 377
(6th Cir. 1959) (applying Michigan law); Webb v. Webb, 375 Mich. 624, 134 N.W.2d 673, 674-75
(1965) (`Transfers of property in violation of an injunction are invalid and may be set aside by the party to a divorce suit, and subsequent death of the injunction violator does not prevent the court from exercising such power.'); Lindsey v. Lindsey, 342 Pa.Super. 72, 492 A.2d 396, 398 (1985) (holding that, even after the death of a party, `the lower court had the authority to void the disposal of any marital property in violation of its injunction'); Standard Ins. Co. v. Schwalbe, 110 Wash.2d 520, 755 P.2d 802, 805 (1988) (holding that a trial court had equitable power to enforce its preliminary injunction prohibiting a change in insurance beneficiaries, despite the death of the violator). A federal district court, similarly, has noted that transfers in violation of temporary injunctions, while not per se void, may be voided based on a balancing of equities. Valley Forge Life Ins. Co. v. Delaney, 313 F.Supp.2d 1305, 1309 (M.D.Fla. 2002) (citing Wilharms v. Wilharms, 93 Wis.2d 671, 287 N.W.2d 779, 784 (1980), in which the Wisconsin Supreme Court remanded for an evidentiary hearing to consider relevant equitable factors affecting validity of transfer in violation of pre-abatement temporary order)."
Aither v. Estate of Aither, 180 Vt. 472, 476-77,913 A.2d 376, 379 (2006). Our supreme court's holdings in Exparte Parish, supra, and Jones, supra, indicate that Alabama follows the former line of cases cited inAither. Parish and Jones suggest *Page 589 
that an interlocutory order affecting the property rights of the parties to a divorce action may not be enforced after the death of one of the parties due to the abatement of that action. Accordingly, after the husband's death, the trial court in this case did not have jurisdiction to enforce its June 29 order.
We note that, even if the trial court had retained jurisdiction over the action after the husband's death, the trial court could not have enforced the June 29 order as it attempted to do. The trial court's power to enforce its prior order would have been limited to making a finding that the terms of that order had been violated and fashioning an appropriate remedy for that violation. The power to enforce would not have authorized the trial court to alter the terms of that prior order or to make a new determination collateral to that order. In this case, the trial court, in its June 29 order, merely ordered the parties to preserve their assets; the trial court did not make any findings regarding whether any particular property was marital property subject to division. However, in its November 14 judgment, the trial court purported to declare the proceeds of the sale of the Oregon house to be marital property over which the court retained jurisdiction. The trial court had no jurisdiction to make a determination as to whether property was "marital property" after the husband died.See 27A C.J.S. Divorce § 196 (2005) ("When parties are involved in divorce proceedings at the time of the death of one party, but a divorce decree is never entered, the parties are still married at the time of the decedent's death, and for that reason, there is no issue with regard to marital property. . . .").
Because we conclude that the trial court acted without jurisdiction in entering the October 11, 2007, order and the November 14, 2007, judgment, we need not consider whether the October 11, 2007, order binds Riley despite the trial court's alleged absence of personal jurisdiction over her. We grant the petition for a writ of mandamus and order the trial court to vacate its October 11, 2007, order and its November 14, 2007, judgment. In granting the petition, we should not be understood as commenting on the propriety of the sale of the Oregon house, Riley's retention of the $100,000 from the proceeds of the sale of the house, or the rights and remedies available to the wife or the personal administrator of the husband's estate to recover those funds.
The motion to strike the petition for a writ of mandamus filed by the wife is denied.
2070251 — PETITION GRANTED; WRIT ISSUED.
2070258 — APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs in the result, without writing.