SMITH, Justice.
Aletha Brown Thomas (“the wife”) sued her brother-in-law Brian Thomas (“the brother”) in the Montgomery Circuit Court seeking to recover the proceeds of a term life-insurance policy owned by John T. Thomas, Aletha’s husband (“the husband”). After a bench trial, the trial court entered a judgment in favor of the brother. The wife appealed, and the Court of Civil Appeals affirmed the judgment of the trial court. Thomas v. Thomas, 54 So.3d 346 (Ala.Civ.App.2009).[1] We granted the wife’s petition for certiorari review.

Facts and Procedural History

At issue in this case are the proceeds from a 30-year term life-insurance policy (“the policy”) the husband purchased on himself while he was married to the wife. In 1998 the husband and the wife married, and, in 2001, the husband purchased the policy and named the wife as the beneficiary.
Sometime in late 2003 or 2004 the husband filed for a divorce from the wife in the domestic-relations division of the Montgomery Circuit Court (“the family court”). While the divorce action was pending, the family court, at the request of the husband and the guardian ad litem appointed to represent the couple’s child, issued a temporary restraining order (“TRO”), stating, among other things, that “both parties are restrained from removing and disposing of any marital asset of the parties.” When the divorce action was still pending and the TRO was still in effect, the husband changed the beneficiary of the policy from the wife to the brother. Several months after the husband named the brother as the beneficiary of the policy and while the divorce action was pending, the husband died. The brother subsequently filed a claim under the policy, and the insurance company provided him with the proceeds of the policy.
The wife then filed the underlying separate action against the brother in the Montgomery Circuit Court (“the trial court”) “seeking a declaratory order or decree by [the trial court] that she is the true beneficiary and owner of the proceeds of the [policy].” In the complaint, the wife also sought the creation of a constructive trust on the proceeds on the policy for her benefit. The wife claimed that she is entitled to the proceeds of the policy because, she said, the policy was a marital asset of a type the husband was enjoined from removing or disposing of under the terms of the TRO issued by the family court; she also claimed that the brother had been unjustly enriched by the receipt of the proceeds of the policy.
The wife moved for a summary judgment in the trial court. The trial court denied the motion. The wife then moved for reconsideration of the denial of the summary-judgment motion, which the trial court also denied. The wife then filed a “renewed motion for summary judgment,” which the trial court also denied.
The trial court conducted a bench trial on July 8, 2008. On August 20, 2008, the trial court issued a judgment in favor of the brother. The trial court found that “the central issue in this matter is whether or not a term-life insurance policy is marital property in Alabama” and then answered this question in the negative, concluding that “[the husband] did not violate the [TRO] entered by the [family court], *358 and the proceeds of the life insurance policy shall remain with the rightful beneficiary.” The order of the trial court also notes that “[b]ecause the restraining order was temporary, there were many issues left to be decided by the [family] court[;] thus [the husband’s] death abated the action and the temporary order, and the life-insurance proceeds were properly payable to the most recently designated beneficiary as interpreted in [Ex parte Parish, 808 So.2d 30 (Ala.2001) ].”
The wife appealed the trial court’s judgment to this Court. We transferred the appeal to the Court of Civil Appeals under § 12-2-7(6), Ala.Code 1975.[2] That court affirmed the judgment of the trial court in a two-judge opinion having no precedential value. Judge Thomas authored the lead opinion, in which only Judge Pittman concurred. Presiding Judge Thompson concurred in the result with a writing in which Judge Moore concurred. Judge Bryan wrote a dissenting opinion.
The lead opinion in the Court of Civil Appeals frames the dispositive issue in this ease as “whether a party [to a divorce action], by changing the beneficiary of a term life-insurance policy, violates a TRO restraining that party from removing or disposing of marital assets.” Thomas, 54 So.3d at 348. The lead opinion ultimately concludes that “[a] term life-insurance policy is not a marital asset” and that, therefore, “the husband in this case did not violate the TRO, and the trial court’s judgment is due to be affirmed.” Thomas, 54 So.3d at 350. Presiding Judge Thompson’s opinion concurring in the result asserts that the lead opinion unnecessarily decides whether a term life-insurance policy constitutes a marital asset because, Presiding Judge Thompson believed, regardless of whether the policy is a marital asset, “the husband’s change of the beneficiary of the policy to [the] brother did not constitute removing and disposing of the insurance policy, and the question whether that policy constituted a marital asset need not be resolved.” Thomas, 54 So.3d at 353 (Thompson, P.J., concurring in the result). Judge Bryan’s dissenting opinion states his belief that the policy constituted a marital asset and, therefore, that the husband violated the TRO by changing the beneficiary on the policy. Thomas, 54 So.3d at 354-56 (Bryan, J., dissenting).
The wife petitioned this Court for certio-rari review of the Court of Civil Appeals’ decision.

Standard of Review

“On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996). The lead opinion in the Court of Civil Appeals applied a de novo standard of review because it found that the issues in this case involve only the application of law to undisputed facts. See Thomas, 54 So.3d at 347-48. We agree that a de novo standard of review was appropriate in the Court of Civil Appeals; therefore, we apply the same standard of review.

Discussion

The threshold issue in this case is not, as framed by the lead opinion in the Court of Civil Appeals, whether the hus *359 band violated the TRO by changing the beneficiary of the policy from the wife to the brother; rather, the threshold issue is whether the trial court had subject-matter jurisdiction over this action. This inquiry is essential because “[a] judgment entered by a trial court without subject-matter jurisdiction is void.” Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 490 (Ala.2008).
“A court is obligated to vigilantly protect against deciding cases over which it has no jurisdiction because ‘[i]t would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself.’ ”
Crutcher v. Williams, 12 So.3d 631, 635 (Ala.2008) (quoting Wilkinson v. Henry, 221 Ala. 254, 256, 128 So. 362, 364 (1930)). Thus, if the trial court in this action lacked jurisdiction over the subject matter, the judgment entered was void and must be set aside.
The subject matter of this action is the TRO entered by the family court. Each of the wife’s claims against the brother are contingent on a finding that the wife is entitled to the proceeds of the policy because the husband allegedly violated the TRO by changing the beneficiary of the policy from the wife to the brother. Therefore, we must first consider whether the trial court had jurisdiction over the TRO in view of husband’s death and the subsequent abatement of the divorce action in the family court.
It is clear that the divorce action between the wife and the husband in the family court abated upon the death of the husband. Alabama law is well settled that “[a] marriage is dissolved by the death of a party to the marriage, and a pending action for dissolution by divorce is necessarily terminated and absolutely abated.” Jones v. Jones, 517 So.2d 606, 608 (Ala.1987) (citing Cox v. Dodd, 242 Ala. 37, 4 So.2d 736 (1941); and Killough v. Killough, 373 So.2d 336 (Ala.Civ.App.1979)). Further, this Court has held that not only does a pending divorce action abate upon the death of a party to the marriage, but that the interlocutory orders by the divorce court dividing marital property also have no effect upon the death of a party to the marriage. See Ex parte Parish, 808 So.2d 30, 33 (Ala.2001); and Jones, 517 So.2d at 608.
In Jones, the trial court in a divorce action issued a temporary order regarding the disposition of the marital home pending final resolution of the divorce action. 517 So.2d at 606-07. While the action was pending and the temporary order was in effect, the husband died. 517 So.2d at 606. Upon the motion of the wife, the trial court dissolved the temporary order and dismissed the action based on the husband’s death. 517 So.2d at 607. The administra-trix of the husband’s estate appealed, and this Court affirmed the judgment of the trial court, concluding that the husband’s death abated the divorce action and nullified the temporary order. 517 So.2d at 607-08. In so holding, this Court reasoned: “An action for divorce, alimony, attorney fees, and an equitable division of marital property in which there has not been a final judgment does not survive the death of a party.” 517 So.2d at 608.
In Parish, the husband filed a divorce complaint in the trial court. 808 So.2d at 31. Several days thereafter, the trial court entered a divorce judgment, which adopted the terms of a property-settlement agreement between the husband and the wife. 808 So.2d at 31. The divorce judgment stated that pursuant to § 30-2- *360 8.1, Ala.Code 1975, the terms of judgment would become final 30 days after the date on which the summons and complaint had been filed.[3] The husband committed suicide 7 days after the trial court entered the divorce judgment — less than 30 days after the complaint had been filed — and the wife moved the trial court to set aside the judgment. The trial court denied the motion and ordered that the divorce judgment “ ‘shall remain in full force and effect.’ ” 808 So.2d at 32 (quoting the trial court’s order). The wife appealed to the Court of Civil Appeals, and, relying upon Jones, that court reversed the judgment of the trial court, holding that “the divorce action was abated by the husband’s death and ... the trial court erred in denying the wife’s postjudgment motion to set aside the divorce judgment.” Connell v. Parish, 808 So.2d 27, 29 (Ala.Civ.App.2000). Implicit in this holding is the conclusion that the property-settlement agreement within the divorce judgment was a temporary order that had no effect upon the death of the husband. This Court agreed and affirmed the judgment of the Court of Civil Appeals. Parish, 808 So.2d at 33.
Alternatively, if a trial court in a divorce action enters & final judgment that affects the property rights of the parties to the marriage and a party to the marriage then die s, “ ‘the judgment as it relates to property rights may be altered or modified upon a timely motion.’ ” Boudreau v. Slaton, 9 So.3d 495, 498 (Ala.Civ.App.2008) (quoting Goodloe v. LaRoche Indus., Inc., 686 So.2d 335, 337 (Ala.Civ.App.1996)). See also Ex parte Riley, 10 So.3d 585, 587 (Ala.Civ.App.2008) (“Alabama law generally holds that abatement does not divest a court of jurisdiction to act on a judgment affecting the parties’ property rights.” (citing Hill v. Lyons, 550 So.2d 1004, 1006 (Ala.Civ.App.1989))). In Hill v. Lyons, the husband died 10 days after the trial court had entered the judgment in a divorce action. 550 So.2d at 1005. The wife filed a timely postjudgment motion under Rule 59(e), Ala. R. Civ. P., requesting the trial court either to modify or to set aside the divorce judgment. The trial court subsequently nullified the divorce judgment. The administrator of the husband’s estate appealed to the Court of Civil Appeals; that court reversed the judgment of the trial court, holding that “upon timely motion the trial court had jurisdiction to amend, alter, or modify the [divorce judgment].” 550 So.2d at 1006. That court reasoned that the divorce judgment made final division of the couple’s marital property and that “[abatement does not occur when the [divorce judgment] affects property rights, and matters touching the parties’ property rights under the divorce [judgment] are amenable to alteration or modification upon timely motion, or upon appeal.” 550 So.2d at 1006 (citing Cox, 242 Ala. at 39, 4 So.2d at 737 (noting that “[i]t is a further general rule that the death of a party, pending an appeal or writ of error, furnishes no grounds for the abatement of the suit”), and Stapleton v. Stapleton, 282 Ala. 62, 209 So.2d 202 (1968)).
This Court has not directly addressed the issue of whether an interlocutory order, which only requires parties to a divorce action to preserve their assets before division of the marital property, becomes a nullity when a party to a marriage dies while the divorce action is pending. However, in Ex parte Riley, the Court of Civil Appeals considered this issue and conclud *361 ed that this Court’s decisions in “Parish and Jones suggest that an interlocutory-order affecting the property rights of the parties to a divorce action may not he enforced after the death of one of the parties due to the abatement of that action.” 10 So.3d at 588-89.[4] In Riley, the trial court issued an interlocutory order in a divorce action stating that the parties to the action were to preserve all their assets in anticipation of a future division of the marital property. While the divorce action was pending and the interlocutory order was in effect, the husband died. 10 So.3d at 588. The Court of Civil Appeals held that the divorce action abated upon the husband’s death and, therefore, that court concluded that the trial court lost jurisdiction to act on the interlocutory order. 10 So.3d at 589.
Like Riley, the present case presents the question whether a court may enforce an interlocutory order, which prohibits the parties to a divorce action from removing or disposing of marital assets, after the abatement of the action in which the order was entered. We agree with the Court of Civil Appeals’ decision in Riley that this Court’s decisions in Jones and Parish support the conclusion that, not only does an interlocutory order that divides marital property dissolve upon the death of a party to the pending divorce action, an interlocutory order that “affect[s] the property rights of the parties to a divorce action may not be enforced after the death of one of the parties due to the abatement of that action.” Riley, 10 So.3d at 588-89. Here, upon the husband’s death and the subsequent abatement of the divorce action in the family court, the TRO became a nulli *362 ty, which could no longer be enforced. Because the subject matter of this action is an alleged violation of a nullity (the TRO), the trial court lacked subject-matter jurisdiction over this action; therefore, the judgment of the trial court is void. See Faith Props., 988 So.2d at 490 (“A judgment entered by a trial court without subject-matter jurisdiction is void.”).[5]

Conclusion

The judgment of the trial court is void for lack of subject-matter jurisdiction and is due to be vacated. Because an appeal does not lie from a void judgment, the appeal in the Court of Civil Appeals was due to be dismissed. Therefore, the judgment of the Court of Civil Appeals is also void for lack of subject-matter jurisdiction, and we quash the previously granted writ of certiorari. The Court of Civil Appeals is instructed to vacate its judgment and to dismiss the appeal, with instructions to the trial court to vacate its judgment.
WRIT QUASHED WITH INSTRUCTIONS.
LYONS, WOODALL, STUART, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
COBB, C.J., dissents.

. The lead opinion was authored by Judge Thomas, with Judge Pittman concurring, Presiding Judge Thompson and Judge Moore concurring in the result, and Judge Bryan dissenting.

. Section 12-2-7(6), Ala.Code 1975, provides that "[t]he Supreme Court shall have authority ... [t]o transfer to the Court of Civil Appeals, for determination by that court, any civil case appealed to the Supreme Court and within the appellate jurisdiction of the Supreme Court....”

. Section 30-2-8.1(a), Ala.Code 1975, provides: "A court shall not enter a final judgment of divorce until after the expiration of 30 days from the date of the filing of the summons and complaint.”

. In Riley, the Court of Civil Appeals included the following discussion from Aither v. Estate of Aither, 180 Vt. 472, 476-77, 913 A.2d 376, 379 (2006), regarding the split of authority among states on the issue of abatement of interlocutory orders upon the death of a party to the action in which the order was entered:
" ‘Several states follow the rule that abatement also divests the trial court of the equitable power to enforce its pre-abatement orders. See, e.g., Am. Family Life Ins. Co. v. Noruk, 528 N.W.2d 921, 923 (Minn.Ct.App.1995) ("When one of the parties dies ... a temporary restraining order has no effect and the court’s jurisdiction to enforce it ends."); [Estate of] Hackler [v. Hackler], [44 Va.App. 51,] 602 S.E.2d [426,] 437 [(2004)] (holding that trial courts do not have jurisdiction to remedy violations of injunctions when divorce has been abated by a party’s death). Other courts have determined that the abatement of a divorce by a party’s death does not divest the trial court of jurisdiction to enforce pre-abatement orders. See, e.g., Cent. States, S.E. & S.W. Areas Pension Fund v. Howell, 227 F.3d 672, 675-76 (6th Cir.2000) (applying Michigan law); Candler v. Donaldson, 272 F.2d 374, 377 (6th Cir.1959) (applying Michigan law); Webb v. Webb, 375 Mich. 624, 134 N.W.2d 673, 674-75 (1965) ("Transfers of property in violation of an injunction are invalid and may be set aside by the party to a divorce suit, and subsequent death of the injunction violator does not prevent the court from exercising such power.”); Lindsey v. Lindsey, 342 Pa.Super. 72, 492 A.2d 396, 398 (1985) (holding that, even after the death of a party, "the lower court had the authority to void the disposal of any marital property in violation of its injunction”); Standard Ins. Co. v. Schwalbe, 110 Wash.2d 520, 755 P.2d 802, 805 (1988) (holding that a trial court had equitable power to enforce its preliminary injunction prohibiting a change in insurance beneficiaries, despite the death of the violator). A federal district court, similarly, has noted that transfers in violation of temporary injunctions, while not per se void, may be voided based on a balancing of equities. Valley Forge Life Ins. Co. v. Delaney, 313 F.Supp.2d 1305, 1309 (M.D.Fla.2002) (citing Wilharms v. Wilharms, 93 Wis.2d 671, 287 N.W.2d 779, 784 (1980), in which the Wisconsin Supreme Court remanded for an evidentiary hearing to consider relevant equitable factors affecting validity of transfer in violation of pre-abatement temporary order).’ "
10 So.3d at 588.

. In her dissenting opinion, the Chief Justice asserts that she believes that the trial court had subject-matter jurisdiction over this action because, she says, the subject matter of this action is not the TRO but “the proceeds from a policy that was created by [the wife’s] marital estate.” 54 So.3d at 362. We disagree with the Chief Justice's conclusion that the wife's alleged entitlement to the proceeds of the policy is not dependent on the TRO. Indeed, the premise for the wife's alleged entitlement to the imposition of a constructive trust on the proceeds of the policy is predicated on her allegation that the husband violated the TRO. Further, the Chief Justice’s application of Rau v. Rau, 429 So.2d 593 (Ala.Civ.App.1982), to the facts of this case is misguided. Rau is distinguishable from the present case because the plaintiffs in Rau "filed suit seeking to enforce the terms of their parents’ divorce judgment," 429 So.2d at 594 (emphasis added), whereas here the wife filed suit seeking to enforce the terms of a temporary order entered in a divorce action that had abated.