MOORE, Judge.
Thompson Tractor Company, Inc. (“the employer”), has filed a petition for a writ of mandamus requesting that this court order the Calhoun Circuit Court (“the trial court”) to dismiss a civil action pending before it.- Because we conclude that the civil action abated upon the death of the sole plaintiff, we grant the petition.-
On May 11, 2011, Ray Franklin (“the employee”) and Donna Franklin (“the widow”) jointly filed a complaint against the employer and other defendants, which the clerk of the trial court assigned case number CV-11-153. Count six of the complaint contains 12 paragraphs numbering from 82 to 93. Paragraph 84 of the complaint states: .“As a result of Defendant’s [sic] actions, Plaintiff Ray Franklin contracted one or more asbestos-related diseases, including asbestosis.” Paragraph 85 states that “Plaintiff Ray Franklin has been diagnosed with asbestosis.” Paragraph 86 states that “the plaintiff, Ray Franklin, received an injury or injuries arising out of and in the course of plaintiffs said employment. ... As a proximate result of said employment, Plaintiff has suffered an injury to his person.” Paragraph 87 asserts that the employee suffered a “permanent loss of his lung capacity.” Paragraph 88 refers to the employee’s having to use “his own funds and Ms own insurance to obtain medical treatment....” Paragraph 93 alleges that it has been necessary for the “Plaintiff ... to hire attorneys to represent him.” Based on its wording, we conclude that count six of that complaint asserts a claim solely by the employee against the employer for benefits under the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala. Code 1975, on account of his contraction of asbestosis.
On July 29, 2011, the trial court severed count six from the remaining counts of the complaint, and the clerk of the trial court assigned the severed claim (“the workers’ compensation action”) a separate civil-action number, i.e., case number CV-11-321. When a claim is sev *1237 ered from the original action under Rule 21, Ala. R. Civ. P., “a new action is created, just as if it had never been part of the original action .... ” Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala. 1976). The severed action continues as a separate proceeding involving only the parties to the severed claim. See Chamblee v. Duncan, 188 So.3d 682, 691 (Ala. Civ. App. 2015). In this case, after count six was severed, the clerk of the trial court and the parties continued to identify the widow as a named plaintiff in the workers’ compensation action; however, the widow did not make any claim in the workers’ compensation action. In determining who is a party, as in all matters of procedural law, the label assigned by the trial court does not control because the substance of the action, not its form, controls. See generally Morgungenko v. Dwayne’s Body Shop, 23 So.3d 671, 674 (Ala. Civ. App. 2009); see also Dillard v. Smith, 146 Tex. 227, 229, 205 S.W.2d 366, 367 (1947) (holding that court considers substance of the body of the pleading, and not the style of the case, to determine proper parties to action). We conclude that, because the widow did not make any substantive claim in the workers’ compensation action, the continuing reference to the widow in the style of the case did not grant her status as a plaintiff. The employee was actually the sole plaintiff in the workers’ compensation action.
On October 23, 2011, before any adjudication of the employee’s rights to workers’ compensation benefits, the employee died, allegedly due to work-related asbestosis. On February 1, 2012, the widow filed a motion to be substituted as the plaintiff in the workers’ compensation action, both in her individual capacity and as the personal representative of the estate of the employee, and a motion to amend the complaint to include two tort claims—a wrongful-death claim and a claim for death benefits under the Act. See Ala. Code 1975, § 25-5-60. While those motions were pending, the employer filed a motion to dismiss the workers’ compensation action, ■ arguing, among other theories, that'the trial court had lost subject-matter jurisdiction upon the death of the employee. The widow responded by filing, in December 2013, a second civil action against the employer and others seeking death benefits under the Act (“the death-benefits action”); that action was assigned case number OV-11-900671. The widow subsequently moved the trial court to consolidate the death-benefits action with the workers’ compensation action.
On September 20, 2016, the trial court granted the motion to consolidate and denied the employer’s motion to dismiss the workers’ compensation action. The employer filed a motion for the trial ’court to reconsider its denial of the motion to dismiss, which motion remained pending when the employer filed this timely petition for the writ of'mandamus on November 1, 2016. In its petition, the employer requests that this court issue a writ of mandamus ordering the trial court to dismiss the workers’ compensation action.
Rule 25(a),' Ala. R. Civ. P., ■ provides, in pertinent part: “If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.” (Emphasis added.) Rule 25 does' not govern whether a claim is extinguished, which is a matter of substantive law unaffected by the Alabama Rules of Civil Procedure. See 1 Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated, Rule 25 (4th ed. 2004).
Under long-standing Alabama law, “[an employee’s] rights [to workers’ compensation benefits] terminate[s] at his [or her] death.” Ex parte Woodward Iron Co., 277 Ala. 133, 135, 167 So.2d 702, 703 *1238 (1964). A workers’ compensation claim is not considered an action that-survives the death of an employee so that it may be continued in the name of a personal representative of the - estate of the employee under Ala. Code 1975, § 6-5-462. See Owens v. Ward, 49 Ala.App. 293, 296-97, 271 So.2d 251, 254, (Civ. App. 1972) (“The ‘cause of action’ of the employee does not survive [after his or her death], nor for that matter does the employee’s ‘action’ survive under the statute .... ”). If a workers’ compensation claim has been adjudicated or settled before the death of an employee, a dependent widow may recover the benefits specified in Ala. Code 1975, 25-5-57(a)(5), but, if not, the claim abates upon the death of the employee. See Gibson v. Staffco, L.L.C., 63 SolSd 1272, 1274 (Ala. Civ. App. 2010) (“[A] cláim for benefits under the Act does not survive the death of a worker if, as in this case, the degree of the worker’s disability is not ascertained by a court or agreed to between the parties before the worker’s death.”).
Because the employee’s claim for workers’ compensation benefits was extinguished by his death, the widow could not be substituted as a plaintiff under Rule 25 in order to pursue any claim based on the employee’s work-related injury. See generally Hardin v. Palmer Truss Co., 558 So.2d 963, 964 (Ala. Civ. App. 1990) (quoting Owens v. Ward, 49 Ala,App. at 296, 271 So.2d at 254) (“The workmen’s compensation statutes do not extend to widows and dependent’ children a right ‘to succeed to the deceased employee’s cause of action for determination of benefits.’”). In that regard, workers’ compensation cases differ from ordinary civil actions seeking damages for personal injuries, which do survive the death of the plaintiff and which can be continued by a. personal representar five of the estate of the plaintiff as a wrongful-death suit, See King v. National Spa & Pool, Inst., Inc., 607 So.2d 1241 (Ala. 1992).
When the only claim before a trial court is extinguished by the death of the plaintiff, the action abates and becomes a nullity so that no further action can be taken in the case, including the amendment of the complaint to substitute a new plaintiff and to add new claims based on the personal injuries or death of the deceased plaintiff. Elam v. Illinois Cent. Gulf R.R., 496 So.2d 740, 742 (Ala. 1986), overruled on other grounds by King v. National Spa & Pool Inst., Inc., supra. A trial court lacks jurisdiction to act on a case that has been abated by the death of one of the parties. See Ex parte Thomas, 54 So.3d 356 (Ala. 2010). A court that lacks jurisdiction has the power only to dismiss the action. Bernals, Inc. v. Kessler-Greystone, LLC, 70 So.3d 315, 319 (Ala. 2011). Any other order or judgment entered by the trial court after the action has been abated is void ab initio due to lack of subject-matter jurisdiction. Id.
In this case, the trial court denied the' motion to dismiss filed by the employer, purporting to allow the workers’ compensation action to be continued in consolidation with the death-benefits action. However, the trial court lacked authority to enter its September 20, 2016, order because the workers’ compensation action had abated on October 23, 2011, and could not be revived. The trial court retained jurisdiction only to rule on the motion to dismiss, which it had an imperative duty to grant.
In its petition for a writ of mandamus, the employer reiterates its argument to the trial court:
“When [the employee] died, the trial court lost jurisdiction over the only claim pending in the action against [the *1239 employer] (count six). As a result, the only proper action that the trial court could take from that point forward was to dismiss the action.”
The employer is correct on that point, but the employer improperly'frames the issue as one of standing, asserting that the trial court lost jurisdiction because “[the employee] is the only person who has ever had standing to pursue that claim” and that the widow lacks standing. We determine that the jurisdictional issue at hand does not involve any question of standing. See Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31, 41 (Ala. 2013) (discussing the concept of standing in depth). Nevertheless, we conclude that the petition for a writ of mandamus is due to be granted.
“As our Supreme Court noted in Ex parte Progressive Specialty Insurance Co., 31 So.3d 661, 663 (Ala. 2009), questions of a trial court’s subject-matter jurisdiction are reviewable by means of a petition for a writ of mandamus. Further, our review of such questions is not limited to grounds specifically raised in a mandamus petition because a lack of subject-matter jurisdiction is not subject to waiver by the parties,, and it is our duty to consider a lack of subject-matter jurisdiction ex mero motu.”
Ex parte T.C., 63 So.3d 627, 630 (Ala. Civ. App. 2010) (emphasis added), superseded on other grounds by statute, as recognized in Ex parte F.T.G., 199 So.3d 82, 86 (Ala. Civ. App. 2015). Thus, regardless of the fact that the employer has not specifically argued abatement at any point in the proceedings, we are bound to notice that the workers’ compensation action abated, and that the trial court lost jurisdiction over the action, upon the death of the employee.
“ ‘ “A writ of mandamus is an extraordinary remedy that-is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is ‘appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; 'and (4) the properly invoked jurisdiction of the court.’ Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001).” ’”
Ex parte Brown, 963 So.2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005)). A writ of mandamus is the proper remedy to correct a trial court’s order erroneously denying a motion to dismiss that is based on a lack of subject-matter jurisdiction. See Ex parte Hampton, 189 So.3d 14, 16 (Ala. 2015).
For the foregoing reasons, we grant the petition for a writ of mandamus and instruct the trial court to vacate its September 20, 2016, order and to enter a new order granting the employer’s motion to dismiss.[1]
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. The dismissal of the workers’ compensation action does not affect the death-benefits action, which, under our instructions, remains a separate civil action. Nothing in our opinion should be construed as commenting on the merits of-that action.