Rel: December 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0223

_____

### Erica Abrams Kemp

### v.

### Tamara Abrams and William Abrams

### Appeal from Montgomery Circuit Court
### (DR-16-900758.00)

_____

### CL-2024-0999

_____

### Erica Abrams Kemp

### v.

### Tamara Abrams and William Abrams

**Appeal from Montgomery Circuit Court
(DR-16-900758.01)**

_____

**CL-2025-0250**
_____

**Erica Abrams Kemp**

**v.**

**Tamara Abrams and William Abrams**

**Appeal from Montgomery Circuit Court
(DR-16-900758.02)**

HANSON, Judge.

Erica Abrams Kemp ("the wife") appeals from judgments entered by the Montgomery Circuit Court ("the trial court").  We dismiss the appeals.

Procedural History

On October 3, 2016, the wife filed a complaint for a divorce against Matthew Clark Abrams ("the husband"), which the trial-court clerk assigned case number DR-16-900758.00 ("the divorce action").  In her complaint, the wife asserted that, during the parties' marriage, two

children were born.[1]  On February 28, 2017, the wife filed a motion to dismiss the divorce action because the husband had died on February 1, 2017. The wife attached to her motion a copy of the husband's death certificate.  On March 6, 2017, before the trial court addressed the wife's motion to dismiss, William Abrams and Tamara Abrams ("the paternal grandparents") filed a motion to intervene in the divorce action, citing § 30-3-4.2, Ala. Code 1975, the grandparent-visitation statute, and requesting the right to visit the children.  The record does not indicate whether a docket fee was paid in connection with the filing.  After conducting a hearing, the trial court, on March 30, 2017, entered a judgment dismissing the divorce action.  The trial court's judgment, however, also recognized that the paternal grandparents' motion to intervene, in substance, constituted a petition for grandparent visitation and created a new action ("the grandparent-visitation action").  At that time, however, the trial court did not order the trial-court clerk to assign the grandparent-visitation action a separate case number,[2] and on

---

[1]The children were born in November 2007 and January 2011.

[2]The trial court, in its March 26, 2025, judgment at issue in these appeals, ordered the trial-court clerk to assign the grandparent-visitation action a separate case number, and the trial-court clerk subsequently

September 26, 2017, it purported to enter a judgment in the dismissed divorce action that incorporated a settlement agreement between the wife and the paternal grandparents and awarded the paternal grandparents visitation with the children.

On September 21, 2023, the paternal grandparents initiated a show-cause action against the wife.[3] In their petition, the paternal grandparents alleged that the wife had not complied with the trial court's judgment awarding them visitation with the children. On April 10, 2024, the wife filed an answer. On November 26, 2024, the trial court entered a judgment in the show-cause action that denied the paternal grandparents' request to hold the wife in contempt for preventing their visitation with the children. On December 26, 2024, the wife filed a postjudgment motion in the show-cause action, arguing that the trial court lacked jurisdiction to enter its November 26, 2024, judgment

---

assigned the grandparent-visitation action case number DR-16-900758.01.

[3]When the paternal grandparents initiated their show-cause action, the trial-court clerk assigned the action case number DR-16-900758.01. However, pursuant to the trial court's March 26, 2025, judgment, see note 1, supra, the trial-court clerk renumbered the show-cause action as case number DR-16-900758.02.

because, she said, the judgment awarding the paternal grandparents visitation was void.

That same day, the wife also filed a Rule 60(b)(4), Ala. R. Civ. P., motion in the divorce action, arguing that the judgment addressing the paternal grandparents' visitation with the children, which was entered after the trial court had dismissed the divorce action, was void for lack of subject-matter jurisdiction.

On March 26, 2025, the trial court entered a judgment that, in substance, reaffirmed its judgment dismissing the divorce action; denied the wife's Rule 60(b) motion, concluding that its judgment awarding the paternal grandparents' visitation was not void for lack of subject-matter jurisdiction; and, consequently, denied the wife's postjudgment motion filed in the show-cause action. In short, the trial court appears to have determined that the divorce action did, in fact, abate upon the death of the husband; that the trial court's judgment awarding the paternal grandparents visitation with the children was not void because the paternal grandparents, when they filed their motion to intervene, initiated a new cause of action; and that, because that judgment was not void, the trial court had jurisdiction in the show-cause action to enter a

5

judgment addressing whether the wife had violated its grandparent-visitation judgment.

The wife filed timely notices of appeal, and the clerk of our court assigned the wife's appeal from the March 26, 2025, judgment entered in the divorce action appeal number CL-2025-0223, the wife's appeal from the March 26, 2025, judgment entered in the grandparent-visitation action appeal number CL-2024-0999, and the wife's appeal from the March 26, 2025, judgment entered in the show-cause action appeal number CL-2025-0250. On April 11, 2025, this Court entered an order consolidating the three appeals. The paternal grandparents have not favored this court with a brief. We will address each appeal in turn.

Appeal Number CL-2025-0223 -- The Divorce Action

The record reflects that the trial court properly recognized in its March 30, 2017, judgment that the wife's divorce action had abated upon the husband's death and, therefore, dismissed that action. As our supreme court explained in Ex parte Thomas, 54 So. 3d 356, 359 (Ala. 2010):

> "It is clear that the divorce action between the wife and the husband in the family court abated upon the death of the husband. Alabama law is well settled that '[a] marriage is dissolved by the death of a party to the marriage, and a

6

pending action for dissolution by divorce is necessarily terminated and absolutely abated.' <u>Jones v. Jones</u>, 517 So. 2d 606, 608 (Ala. 1987)(citing <u>Cox v. Dodd</u>, 242 Ala. 37, 4 So. 2d 736 (1941); and <u>Killough v. Killough</u>, 373 So. 2d 336 (Ala. Civ. App. 1979))."

In accord with <u>Ex parte Thomas</u>, this court in <u>Ex parte Thompson Tractor Co.</u>, 227 So. 3d 1234, 1238 (Ala. Civ. App. 2017), recognized:

"A trial court lacks jurisdiction to act on a case that has been abated by the death of one of the parties. See <u>Ex parte Thomas</u>, 54 So. 3d 356 (Ala. 2010). A court that lacks jurisdiction has the power only to dismiss the action. <u>Bernals, Inc. v. Kessler-Greystone, LLC</u>, 70 So. 3d 315, 319 (Ala. 2011). Any other order or judgment entered by the trial court after the action has been abated is void <u>ab</u> <u>initio</u> due to lack of subject-matter jurisdiction. <u>Id.</u>"

Thus, upon the husband's death on February 1, 2017, the trial court lost subject-matter jurisdiction to enter any judgment in the divorce action other than the March 30, 2017, judgment dismissing that action. Accordingly, any judgment entered by the trial court after February 1, 2017, in the divorce action, except its March 30, 2017, judgment of dismissal, is void for lack of subject-matter jurisdiction. A void judgment will not support an appeal. <u>Vann v. Cook</u>, 989 So. 2d 556, 559 (Ala. Civ. App. 2008). The wife's appeal from the March 26, 2025, judgment entered in the divorce action is, therefore, dismissed, and the trial court is

instructed to vacate any judgment entered in the divorce action after February 1, 2017, except for its judgment dismissing that action.

<u>Appeal Number CL-2024-0999 -- The Grandparent-Visitation Action</u>

To the extent that the paternal grandparents' motion to intervene in the divorce action could be construed as a filing initiating a new action -- the grandparent-visitation action -- the trial court acted outside its jurisdiction by purporting to exercise jurisdiction over their claim for visitation with the children. The paternal grandparents' motion to intervene was, in substance, a petition for grandparent visitation filed pursuant to § 30-3-4.2, which provides, in pertinent part:

> "(b) A grandparent may file an <u>original action</u> in a circuit court where his or her grandchild resides or any other court exercising jurisdiction with respect to the grandchild or file a motion to intervene in any action when any court in this state has before it any issue concerning custody of the grandchild, including a domestic relations proceeding involving the parent or parents of the grandchild, for reasonable visitation rights with respect to the grandchild if any of the following circumstances exist:
>
> > "(1) An action for a divorce or legal separation of the parents has been filed, or the marital relationship between the parents of the child has been severed by death or divorce."

(Emphasis added.)

As previously noted, the husband died on February 1, 2017, and the divorce action abated. The paternal grandparents did not initiate the grandparent-visitation action until March 6, 2017, approximately a month after the divorce action had abated. The record does not reflect that a docket fee was paid in connection with their filing. The payment of a docket fee is a jurisdictional requirement to commence an action. See Ex parte Courtyard Citiflats, LLC, 191 So. 3d 787, 790 (Ala. 2015) (holding that "the payment of a [docket] fee or the preapproval of the hardship statement is a jurisdictional prerequisite to the commencement of [a plaintiff's] action[]" and explaining that a trial court lacks the power to enter, nunc pro tunc, an order approving a substantial-hardship statement retroactive to the date a complaint was filed); see also § 12-19-70, Ala. Code 1975. Because the paternal grandparents did not pay a docket fee when they initiated their grandparent-visitation action, the trial court did not have jurisdiction over the grandparent-visitation action, and any judgments addressing grandparent visitation that the trial court entered, including the March 26, 2025, judgment, are void. As previously noted, a void judgment will not support an appeal. Vann, 989 So. 2d at 559. Accordingly, this appeal is dismissed with instructions

9

for the trial court to vacate all the judgments entered in the grandparent-visitation action and to enter a judgment dismissing that action.

### Appeal Number CL-2025-0250 -- The Show-Cause Action

The trial court held the wife in contempt for violating the September 26, 2017, judgment awarding the paternal grandparents visitation. We have concluded that that judgment is void. A trial court does not have subject-matter jurisdiction to enforce a void judgment. Garrett v. Williams, 68 So. 3d 846, 849 (Ala. Civ. App. 2011). Because the trial court did not have subject-matter jurisdiction to enforce the judgment awarding the paternal grandparents visitation, the trial court's March 26, 2025, judgment entered in the show-cause action is void, and the appeal from that judgment is due to be dismissed. See Vann, supra. Therefore, we dismiss the wife's appeal from the judgment entered in the show-cause action and instruct the trial court to vacate that judgment and to enter a judgment dismissing that action.

### Conclusion

In conclusion, the divorce action abated upon the husband's death on February 1, 2017, see Ex parte Thomas, supra, and the trial court properly dismissed that action. Therefore, all judgments entered in the

divorce action after February 1, 2017, except for the judgment of dismissal, are void, including the trial court's judgment purporting to grant the paternal grandparents' motion to intervene in the divorce action, which purported to initiate the grandparent-visitation action. Additionally, even if the paternal grandparents' motion to intervene could be considered to have initiated the grandparent-visitation action, the paternal grandparents did not pay a docket fee and, thus, the trial court did not obtain jurisdiction over that action. See Ex parte Courtyard Citiflats, supra. Further, the show-cause action sought enforcement of the void judgment awarding the paternal grandparents visitation, and, consequently, the trial court's judgment in that action is void.

CL-2025-0223 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2024-0999 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2025-0250 -- APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Fridy, and Bowden, JJ., concur.